UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARKON RESOURCES, INC., <br><br> Defendant. | Case No. 15-cv-1553 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff National Products, Inc. ("NPI") brings this action against Defendant ARKON RESOURCES, INC. ("Defendant" or "Arkon") for an injunction, damages, and other appropriate relief to stop Defendant from violating NPI's trademark rights. NPI states and alleges as follows:

## THE PARTIES

1. NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, Washington 98108.

2. On information and belief, Defendant Arkon is a corporation organized and existing under the laws of the State of California, having its principal place of business at 20 La Porte Street, Arcadia, California 91006.

COMPLAINT
Case No. 15-CV-1553
- 1 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

## JURISDICTION AND VENUE

3. In this action, NPI alleges that Defendant has engaged in (1) Trade Dress Infringement, 15 U.S.C. § 1114; (2) Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a); (3) Trade Dress Infringement under Washington common law; (4) Unfair Business Practices, RCW 19.86 *et seq.*; (5) Unfair Competition under Washington common law; and (6) Unjust Enrichment under Washington common law.

4. This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1121, and 1125, and 28 U.S.C §§ 1331 and 1338(a) and (b). NPI also asserts claims under Washington law, which are so related to the federal question claims that they are part of the same case and controversy, and therefore fall within the scope of this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. This court has personal jurisdiction over Defendant because Defendant has engaged in business activities in and directed to this judicial district and the State of Washington and has committed the tortious acts complained of in this judicial district and the State of Washington. Upon information and belief, Defendant is a marketer, distributor, and retailer of mounts for a variety of devices that violate NPI's trade dress rights. Defendant sells its infringing products directly through its website to the public throughout the United States, including this judicial district. Defendant also distributes its infringing products throughout the United States, including this judicial district, to retailers including Amazon.com, Walmart, Staples, and Sears. On information and belief, Defendant also imports infringing products into the United States through ports in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

## NPI'S BUSINESS AND TRADEMARK

7. NPI was founded by Jeff Carnevali in Seattle in 1992 and is in the business of manufacturing and selling, among other things, mounting systems and device mounting

COMPLAINT - 2 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

solutions including its highly successful product line of RAM Mounting Systems. RAM stands for Round-A-Mount and was introduced in 1992. The most innovative product line of its kind, RAM continues to evolve into one of the most sought after accessories for electronics. For over two decades, RAM Mounting Systems have received wide-acclaim in the industry and consumer press and has established an industry-wide reputation for innovation, quality, and performance. RAM Mounting Systems are manufactured in Seattle, Washington and have quickly become an essential mounting component for a wide variety of applications including rugged vehicle, industrial, military and defense, material handling as well as any application requiring a robust mounting solution. RAM Mounting Systems were even used on the space shuttle.

8. Since 1992, NPI has continuously and exclusively used in commerce a double-socket RAM Mounting device with a distinctive hourglass-shaped profile. On December 8, 1998, the United States Patent and Trademark Office ("PTO") issued to assignee NPI U.S. Patent No. 5,845,885 ("the '885 patent") which gave NPI exclusive rights to manufacture and sell in the United States double-socket mount arms for mounting devices. A true and correct copy of the '885 patent is attached hereto as **Exhibit A**. NPI's RAM Mounting double-socket mount arm practices the technology claimed by the '885 patent and NPI, in a design choice unrelated to the functionality of the double-socket mount arm, selected the distinctive hourglass-shaped profile.

9. NPI has aggressively enforced its hourglass design trade dress rights. For example, in the early-2000s after NPI's competitor Gamber-Johnson LLC began selling hourglass-shape double-socket arm mounts, NPI brought a lawsuit against it alleging infringement of both NPI's '885 patent and hourglass-shaped trade dress. A true and correct copy of the Amended Complaint in that action and Exhibit 2 attached thereto is attached hereto as **Exhibit B**. Following are true and correct excerpts from Exhibit 2 to that Amended Complaint comparing the trade dress infringing device with the RAM Mount device:

COMPLAINT - 3 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

RAM    Versatrue

RAM    Versatrue

10. In the Amended Consent Judgment entered on October 2, 2006 by this Court, the parties stipulated that "NPI also has a protectable trade dress in the hour-glass shaped profile of its double-socket RAM Mount products [and] this trade dress is nonfunctional and has acquired secondary meaning with consumers." Thus, the Court "enjoined [Gamber-Johnson] from infringing NPI's trade dress, comprising the distinctive hourglass-shaped profile of NPI's double-socket RAM Mount devices, for the life of the trade dress." A true and correct copy of the '885 patent is attached hereto as **Exhibit C**.

11. In 2013, the term of the '885 patent expired, but NPI still retained its trade dress rights on the hour-glass shaped arm profile. On May 23, 2012, prior to the expiration of the '885 patent, NPI filed an application with the PTO to register its hourglass shaped profile

COMPLAINT
Case No. 15-CV-1553
- 4 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

trade dress on the Principal Register.  A true and correct copy of the application is attached hereto as **Exhibit D**.  Following are true and correct excerpted copies of specimens that were attached to the application as examplars of NPI's trade dress:



12.     On December 4, 2012, the PTO granted the application as amended for the "MARK CONSIST[ING] OF A THREE-DIMENSIONAL CONFIGURATION OF A DOUBLE-SOCKET MOUNT ARM THAT IS TAPERED IN THE MIDDLE LIKE AN HOURGLASS." registered under U.S. Trademark Reg. No. 4,254,086 and issued to NPI.  A true and correct copy of the registration certificate is attached hereto as **Exhibit E**.   The registration certificate also contained a drawing of the following trade dress shape with the limitation: "THE DOTTED LINES OUTLINING THE ENDS OF THE MOUNT AND THEADJUSTMENT KNOB INDICATE PLACEMENT OF THE MARK ON THE GOODS AND ARE NOT PART OF THE MARK":

COMPLAINT
Case No. 15-CV-1553
- 5 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511



The registration is valid and subsisting, and NPI has been the continuous owner of the hour-glass shaped profile of a double-socket mount device trade dress from 1992 to the present. NPI's website provides notice that "[t]he Hourglass Shape® is a registered trademark of National Products Inc."

**DEFENDANT'S UNLAWFUL ACTIONS**

13.     On information and belief, Defendant Arkon has been marketing, distributing, and selling products containing double-socket mount arms tapered in the middle like an hourglass, including but not limited to the following Arkon product models: Tripod Tablet Mount for Apple iPad Air 2, iPad Air, iPad 4, 3, 2, Samsung Galaxy Note, Tab (TABMTRI), Heavy-Duty Drill-Base Tablet Mount for Apple iPad Air, iPad 4, 3, 2, Samsung Galaxy (TABRMAMPS), GPS Lockbox Locking Tablet Mount for Samsung Galaxy Tab 3.0 or 4.0 7" with Car Charger Harness (LBUP7-1), Slim-Grip Ultra Windshield Mount for iPhone 6S, 6 Plus, Galaxy 7.0, 8.0 Tablets (RM60802T), Slim-Grip Ultra Drill-Base Phone Car Mount for iPhone 6S, 6 Plus, Galaxy 7.0, 8.0 Tablets (RM6AMPS2T), Sticky Suction Windshield or Dashboard Camera Mount for Nikon Sony Samsung Canon Fujifilm Cameras (RM0791420), Camera Wall Mount for Nikon Sony Canon Fujifilm Olympus Cameras and Video Cameras (RMAMPS1420), Clamp Camera Mount for Nikon Sony Samsung Canon Olympus

COMPLAINT
Case No. 15-CV-1553
- 6 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

Panasonic Cameras (RM0861420), Camera Car Windshield Suction Mount (RM0801420), Heavy-Duty Sticky Suction Mount for GoPro HERO (GPRMS079), and TW Broadcaster - Tripod or Monopod Smartphone Mount for Live Mobile Broadcasting (TWBRV01) (collectively "Arkon Infringing Mount Devices").

14. On information and belief, Defendant sells Arkon Infringing Mount Devices from its website to consumers throughout the United States, including this district and the State of Washington.

15. On information and belief, Defendant also distributes its Arkon Infringing Mount Devices to retailers for sale throughout the United States, including this district and the State of Washington.

**FIRST CLAIM FOR RELIEF**
**(Federal Trade Dress Infringement under 15 U.S.C. § 1114)**

16. NPI realleges and incorporates by this reference herein each and every allegation set forth in paragraphs 1 through 15 above.

17. NPI owns all rights, title, and interests in and to, and holds the first, superior, and exclusive rights to use the mark identified on the PTO Principle Register under Registration No. 4,254,086.

18. Defendant's use in its products of NPI's registered trade dress with a double-socket mount arm tapered in the middle like an hourglass, or of a confusingly similar variation thereof, is likely to cause confusion, or mistake, or to deceive others into believing that Defendant's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI and NPI's RAM Mounting Systems.

19. Defendant either had actual notice and knowledge, or had constructive notice by the PTO's placement of the mark on the Principal Register and NPI's notice of ® with the

COMPLAINT - 7 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

mark on NPI's RAM Mounts website prior to Plaintiff's adoption and use of NPI's registered trade dress.

20. On information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of the Arkon Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trade dress.

21. As a direct and proximate result of Defendant's willful and unlawful conduct, Defendant has damaged and will continue to damage NPI's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless Defendant is enjoined from infringing NPI's registered trade dress.

22. Defendant's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

23. In light of the foregoing, NPI is entitled to injunctive relief prohibiting Defendant from using NPI's trade dress or any trade dress confusingly similar thereto for any purpose, and to recover from Defendant all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

24. Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's rights.

### SECOND CLAIM FOR RELIEF
(**Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a)**)

25. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 24 above.

COMPLAINT - 8 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

26. NPI's distinctive and non-functional registered trade dress is a designation of origin that identifies NPI as the exclusive source of the RAM Mount double-socket mount arm devices, and distinguishes NPI's goods from the goods of others in the marketplace.

27. Defendant's use of NPI's trade dress in its goods constitutes false designation of origin and/or false or misleading representation. Defendant's use of an identical or confusingly similar variation of NPI's trade dress is likely to cause confusion, or mistake, or to deceive others into believing that Defendant's products are manufactured, offered, sponsored, authorized, licensed, of similar quality to, or otherwise connected or affiliated with NPI and NPI's RAM Mounting Systems.

28. Such false designation of origin and or representation constitutes unfair competition and is an infringement of NPI's rights in its trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendant either had actual notice and knowledge, or had constructive notice by the PTO's placement of the mark on the Principal Register and NPI's notice of ® with the mark on NPI's RAM Mounts website prior to Plaintiff's adoption and use of NPI's registered trade dress.

30. On information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of the Arkon Infringing Mount Devices, to injure NPI, and to reap the benefits of NPI's goodwill associated with NPI's trade dress.

31. As a direct and proximate result of Defendant's willful and unlawful conduct, Defendant has damaged and will continue to damage NPI's business, market, reputation, and goodwill, and may discourage current and potential customers from dealing with NPI. Such irreparable damage will continue unless Defendant is enjoined from infringing NPI's registered trade dress.

32. Defendant's acts have damaged and will continue to damage NPI, and NPI has no adequate remedy at law.

COMPLAINT - 9 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

33.  In light of the foregoing, NPI is entitled to injunctive relief prohibiting Defendant from using NPI's trade dress or any trade dress confusingly similar thereto for any purpose, and to recover from Defendant all damages that NPI has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Plaintiff as a result thereof, in an amount not yet known well, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b).

34.  Pursuant to 15 U.S.C. § 1118, NPI also asks the Court for an order forcing Defendant to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's rights.

## THIRD CLAIM FOR RELIEF
**(Washington Common Law Trade Dress Infringement)**

35.  NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34 above.

36.  Defendant's use of NPI's trade dress has infringed on its distinctive features in a manner that tends to confuse, in the public mind, NPI's products with others.

37.  Defendant's acts, as above alleged, constitute infringement of NPI's trade dress rights in violation of the common law.

38.  NP has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law.  The actions of Defendant has damaged and will continue to damage NPI's market, reputation, and goodwill.

39.  NPI has been damaged by Defendant's actions in an amount to be proven at trial.

///

///

COMPLAINT
Case No. 15-CV-1553
- 10 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

### FOURTH CLAIM FOR RELIEF
### (Unfair Business Practices — RCW 19.86 *et seq.*)

40. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39 above.

41. Defendant's use of NPI's trade dress to promote, market, or sell products in Washington constitutes an unfair business practice pursuant to RCW 19.86 *et seq*. Defendant's use of NPI's trade dress is an unfair or deceptive practice occurring in trade or commerce that impacts the public interest and has caused injury to NPI.

42. Defendant's actions violate RCW 19.86 *et seq.*

### FIFTH CLAIM FOR RELIEF
### (Washington Common Law Unfair Competition)

43. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42 above.

44. Defendant's use of NPI's trade dress has infringed on its distinctive features in a manner that tends to confuse, in the public mind, NPI's products and/or advertising with the products and/or advertising of others.

45. The acts of Defendant complained of herein constitute unfair competition in violation of Washington common law.

### SIXTH CLAIM FOR RELIEF
### (Washington Common Law Unjust Enrichment)

46. NPI realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 45 above.

47. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at NPI's expense in violation of Washington common law.

COMPLAINT
Case No. 15-CV-1553
- 11 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

**PRAYER FOR RELIEF**

WHEREFORE, NPI respectfully requests that the Court enter judgment against Defendant as follows:

a. That the Court issue preliminary and permanent injunctive relief against Defendant, and that Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with Defendant, be enjoined and restrained from offering for sale, marketing, or selling any product which includes a configuration of a double-socket mount arm that is tapered in the middle like an hourglass or any confusingly similar variation thereof;

b. That the Court find Defendant's acts complained of herein unlawful as constituting unfair competition, false designation of origin, trade dress infringement, and unjust enrichment under the causes of action asserted in this Complaint;

c. That the Court require that Defendant deliver up for destruction all products, labels, signs, prints, advertisements, and other articles that infringe NPI's statutory and common law trade dress rights, or are a result of any false designation of origin or unfair competition by Defendant;

d. That the Court order an accounting of all gains, profits and advantages derived from Defendant's wrongful acts;

e. That the Court award NPI all gains, profits, and advantages derived by Defendant for its unlawful acts;

f. That the Court award NPI all damages caused by Defendant's unlawful acts;

g. That the Court award NPI treble damages as provided by law;

h. That the Court award NPI its attorneys' fees and costs incurred herein, including prejudgment and post-judgment interest; and

i. That the Court grant NPI all other relief to which it is entitled and such other or

COMPLAINT - 12 -
Case No. 15-CV-1553

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511

additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

NPI hereby demands a trial by jury of all issues so triable.

NATIONAL PRODUCTS, INC.

By its attorneys,

Dated: September 30, 2015    FENWICK & WEST LLP


By: s/*David K. Tellekson*
    David K. Tellekson (WSBA No. 33523)
By: s/*Jeffrey A. Ware*
    Jeffrey A. Ware (WSBA No. 43779)

1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com
          jware@fenwick.com

*Attorneys for Plaintiff*
*National Products, Inc.*

COMPLAINT
Case No. 15-CV-1553
- 13 -
FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE 206.389.4511