1  HONORABLE ROBERT S. LASNIK

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9  NATIONAL PRODUCTS INC.,                Case No. 2:15-cv-01553-RSL

10           Plaintiff,

11     v.                                 **NATIONAL PRODUCTS INC.'S
                                          OPPOSITION TO ARKON RESOURCES,
                                          INC.'S MOTION FOR SUMMARY
12  ARKON RESOURCES, INC.,                JUDGMENT OF INVALIDITY AND NON-
                                          INFRINGEMENT**
13           Defendant.
                                          **NOTE ON MOTION CALENDAR:**
14                                        November 4, 2016

15                                        **JURY TRIAL DEMANDED**

16

17
                          **PUBLIC REDACTED VERSION**
18

19

20

21

22

23

24

25

26

27

28

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 1

    A.   NPI Designs Its RAM Mounts Line of Products to Have a Distinctive, Non-Functional Shape. ................................................................................ 1

    B.   NPI's Advertising Highlights the Signature Hourglass Shape. ...................... 3

        1.   Trade Shows ........................................................................................ 3

        2.   Print Advertising & Catalogues .......................................................... 4

        3.   NPI's Website ...................................................................................... 5

        4.   Third-Party Sellers of RAM Mounts ................................................... 5

    C.   Customers and Prospective Customers Associate the Hourglass Shape with RAM Mounts. .................................................................................... 6

    D.   Arkon Decides to Emulate NPI. .................................................................... 6

III.  ARGUMENT ..................................................................................................... 8

    A.   THE NINTH CIRCUIT DISFAVORS SUMMARY JUDGMENT IN TRADEMARK CASES .................................................................................. 8

    B.   NPI'S HOURGLASS SHAPED TRADE DRESS IS VALID ........................ 9

        1.   NPI's Registered Trade Dress Is Presumptively Valid. ....................... 9

        2.   The Hourglass Shape is Not Functional. ............................................ 10

            a.   The Hourglass Shape Does Not Provide A Utilitarian Advantage. ................. 10

            b.   The Existence of Alternatives to the Hourglass Shape Weighs Against Summary Judgment. .......................................................... 12

            c.   NPI's Advertising Supports a Finding of Non-Functionality. ......................... 13

            d.   There Is No Manufacturing Benefit to the Hourglass Shape. ......................... 13

         3.   NPI's Hourglass Shape Has Acquired Secondary Meaning. ................. 13

        4.   NPI's Hourglass Shape Is Not Generic. ............................................. 15

    C.   MULTIPLE DISPUTES OF MATERIAL FACT REGARDING LIKELIHOOD OF CONFUSION PRECLUDE SUMMARY JUDGMENT. .............................................. 18

        1.   The Strength of the Hourglass Shape Trade Dress as a Mark ................. 19

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - i -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

2. Similarity of Appearance ........................................................ 19

3. Actual or Likely Confusion .................................................... 19

4. Marketing Channels and Degree of Purchaser Care ................................. 20

5. Arkon's Intent to Copy the Hourglass Shape ........................................ 20

D. NPI IS ENTITLED TO RELIEF UNDER ITS STATE LAW CLAIMS. ..................... 21

E. NPI IS ENTITLED TO PRE-FILING DAMAGES. ..................................... 22

IV. CONCLUSION .................................................................. 24

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT                    - ii -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4
5

*1st Tech. LLC v. Bodog Entm't Group S.A.*,
    No. C08-0872-JCC, 2009 U.S. Dist. LEXIS 15659 (W.D. Wash. Feb. 6, 2009)...................22

6

*Am. Beverage Corp. v. Diageo N. Am., Inc.*,
    936 F. Supp. 2d 555 (W.D. Pa. 2013).....................................................................................16

7
8

*AMF, Inc. v. Sleekcraft Boats*,
    599 F.2d 341 (9th Cir.1979) ..................................................................................................18

9
10

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ...............................................................................................14

11

*Black & Decker Corp. v. Positec USA Inc.*,
    No. 11-CV-5426, 2015 WL 1543262 (N.D. Ill. Mar. 31, 2015)............................................23

12
13

*Blue Nile, Inc. v. Ice.com*,
    478 F.Supp.2d 1240 (W.D. Wash. 2007).................................................................................21

14
15

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
    489 U.S. 141 (1989)...............................................................................................................21

16

*Calista Enters. Ltd. v. Tenza Trading Ltd.*,
    43 F. Supp. 3d 1099 (D. Or. 2014) ........................................................................................16

17
18

*Clamp Mfg. Co. v. Enco Mfg. Co.*,
    870 F.2d 512 (9th Cir. 1989) .................................................................................................15

19
20

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
    251 F.3d 52 (9th Cir. 2001) ...............................................................................................8, 14

21

*Coach, Inc. v. Siskiyou Buckle Co.*,
    No. 03:11-CV-486-HZ, 2012 WL 3309719 (D. Or. Aug. 10, 2012)......................................23

22
23

*Cold War Museum, Inc. v. Cold War Air Museum, Inc.*,
    586 F.3d 1352 (Fed. Cir. 2009)........................................................................................13, 14

24
25

*Diamond Foods, Inc.*
    No. 14-CV-03162-BLF, 2016 WL 3880797 (N.D. Cal. July 18, 2016)...........................16, 17

26

*Disc Golf Ass'n v. Champion Discs, Inc.*,
    158 F.3d 1002 (9th Cir. 1998) ...............................................................................................13

27

28

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - iii -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

# TABLE OF AUTHORITIES
## (cont.)

Page(s)

*Electropix v. Liberty Livewire Corp.*,
    178 F. Supp. 2d 1125 (C.D. Cal. 2001) .................................................................20

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
    778 F.3d 1059 (9th Cir. 2010) ...................................................................23, 24

*Glassybaby, LLC v. Provide Gifts, Inc.*,
    No. C11-380 MJP, 2011 WL 4571876 (W.D. Wash. Sept. 30, 2011)....................17

*Global Mfg. Grp., LLC v. Gadget Universe.Com*,
    417 F. Supp. 2d 1161 (S.D. Cal. 2006)....................................................................11

*Golden Door, Inc. v. Odisho*,
    646 F.2d 347 (9th Cir. 1980) ...................................................................................22

*Herman Miller, Inc. v. Palazzetti Imps. & Exps., Inc.*,
    270 F.3d 298 (6th Cir. 2001) ...................................................................................15

*Jada Toys, Inc. v. Mattel, Inc.*,
    518 F.3d 628 (9th Cir. 2008) ...........................................................................18, 20

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
    408 F.3d 596 (9th Cir. 2005) ..............................................................................8, 9

*Millennium Labs., Inc. v. Ameritox, Ltd.*,
    817 F.3d 1123 (9th Cir. 2016) .................................................................................10

*Nat'l Prods., Inc. v. Aqua Box Prods., LLC*,
    No. C12-0605-RSM, 2013 WL 1399346 (W.D. Wash. Apr. 5, 2013) ....................23

*Nat'l Prods., Inc. v. Gamber Johnson LLC*,
    No. 2:04-cv-02524, Dkt. No. 179 (W.D. Wash. Oct. 2, 2006) .................................9

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
    602 F. App'x 669 (9th Cir. 2015) ............................................................................10

*Qualitex Co. v. Jacobson Prods. Co.*,
    514 U.S. 159 (1995)..................................................................................................16

*Rearden LLC v. Rearden Commerce, Inc.*,
    683 F.3d 1190 (9th Cir. 2012) ..........................................................................18, 20

*Sally Beauty Co., v. Beautyco, Inc.*,
    304 F.3d 964 (10th Cir. 2002) .................................................................................21

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT         - iv -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

# TABLE OF AUTHORITIES
## (cont.)

**Page(s)**

*Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC,*
  680 F. Supp. 2d 1107 (N.D. Cal. 2010) ..............................................................13, 14

*Solid 21, Inc. v. Breitling USA, Inc.,*
  512 F. App'x 685 (9th Cir. 2013) .......................................................................9, 16

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.,*
  7 F.3d 1434 (9th Cir. 1993) .....................................................................................21

*Talking Rain Beverage Co. v. Beach Beverage Co.,*
  349 F.3d 601 (9th Cir. 2003) ...................................................................................13

*Tie Tech, Inc. v. Kinedyne Corp.,*
  296 F.3d 778 (9th Cir. 2002) .............................................................................9, 10

*Topline Corp. v. 4273371 Canada, Inc.,*
  No. C07-938Z, 2007 WL 2332471 (W.D. Wash. Aug. 13, 2007)...........................16

*Touchpoint Commc'ns, LLC v. Dentalfone, LLC,*
  No. 3:15-CV-05240-JRC, 2016 WL 525932 (W.D. Wash. Feb. 10, 2016) ..........10

*Toyo Tire & Rubber Co. v. CIA Wheel Grp.,*
  No. SACV 15-0246-DOC(DFMX), 2016 WL 4992111
  (C.D. Cal. Sept. 15, 2016).......................................................................................11

*TrafFix Devices, Inc., v. Mktg. Displays, Inc.,*
  532 U.S. 23 (2001)....................................................................................................12

*VIP Prods., LLC v. Jack Daniel's Props., Inc.,*
  No. CV-14-2057-PHX-SMM, 2016 WL 5408313 (D. Ariz. Sept. 27, 2016) .........15

*Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.,*
  419 F.3d 925 (9th Cir. 2005) ....................................................................15, 16, 17

**STATUTES**

15 U.S.C. § 1111.............................................................................................................22, 23

15 U.S.C. § 1125(a) ..............................................................................................................23

Lanham Act § 43(a) ...............................................................................................................23

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT        - v -
Case No. 2:15-cv-01553-RSL

**FENWICK & WEST LLP**
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1

**TABLE OF AUTHORITIES**
**(cont.)**

2

3                                                                                                    <u>**Page(s)**</u>

4       RULES

5       Fed. R. Civ. P. 56(c) ................................................................................................................8

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

## I.   INTRODUCTION

NPI has sold its RAM Mounts brand of double ball and socket mounts with a signature hourglass shape since 1992.  Its federally registered trade dress consists of the aesthetic, non-functional look: a narrow, tapered waist that is shaped like an hourglass (the "Hourglass Shape"). Arkon was keenly aware of NPI's trade dress when it decided to launch a competing product: it considered NPI its main competitor, monitored NPI's website and printed materials, and attended trade shows where it saw that NPI claimed the Hourglass Shape as a source-identifying shape. Recognizing that purchasers of consumer and industrial mounts respected and sought out the RAM Mounts brand, Arkon tried to trade off the goodwill NPI had built up in its brand by copying the signature Hourglass Shape of the RAM Mounts double ball and socket mount.

In its motion for summary judgment of invalidity and non-infringement, Arkon shirks evidence that it copied NPI's signature Hourglass Shape, sets aside that it referred to its own devices as "RAM type" or "RAM style" devices and suggests that NPI did not sufficiently promote an association between the Hourglass Shape and NPI's brand.  But NPI has presented abundant evidence disputing each of Arkon's positions.  Viewing the evidence in the light most favorable to NPI, the Court should deny Arkon's motion.

## II.   FACTUAL BACKGROUND

### A.   NPI Designs Its RAM Mounts Line of Products to Have a Distinctive, Non-Functional Shape.

Jeff Carnevali, an inventor and well-known product designer, founded National Products Inc., ("NPI" or "the Company") in the early 1990's.  He remains the Company's President and CEO, is active in the company's engineering and design, and supervises the manufacture of NPI's products, all of which are made at the Company's headquarters in Seattle, Washington. Ex. 1 at 19:8-24.[1]  In 1992, an acquaintance asked Mr. Carnevali to design a system to store water-skis on boats and, after experimenting with a number of solutions, he devised a mounting system with two rubber balls in a ball-and-socket mechanism connected with interchangeable

---

[1] Unless otherwise indicated, all Exhibits are to the Declaration of Jeffrey Ware in Opposition to Arkon's Motion for Summary Judgment ("Ware Decl.").

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 1 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

arms.  Ex. 5 ¶ 4.  In designing that device, Mr. Carnevali chose a shape he found attractive and recognizable:  he crafted the arm to be tapered in the middle like an hourglass.  *Id.* ¶ 5.  He called that system "RAM Mounts."  Ex. 2.  After the distinctive shape became commonly recognized across many industries, NPI applied for and was granted trade dress protection in the "three dimensional configuration of a double socket mount arm that is tapered in the middle like an hourglass."  Ex. 3 at NPI-ARK00067649.  Years earlier, Mr. Carnevali was granted a utility patent that separately covered the functional aspects of that product, namely the dual sockets that secure compressible rubber balls and a clamp that tightens and loosens the arms of the mount.  Dkt. No. 46, Decl. of Marc Karish ISO Arkon's Mot. for Summ. J. ("Karish Decl."), Ex. A,  While *drawings* submitted in conjunction with the '885 Patent depicted the embodiment of the device that would become commercially available with the Hourglass Shape, the aesthetic shape of the device was never part of the patent *claims* and therefore not covered by the '885 Patent.

The Hourglass Shaped mounts were first sold in 1992, and from the beginning, the RAM Mounts were a huge success.  The versatile mounts are strong enough to support heavy devices while minimizing shock and vibrations, and the connector Hourglass Shaped arms are interchangeable which means they can support a number of different devices.  *See* Exs. 6 at NPI-ARK00067974, 7 at NPI-ARK00068994.  This RAM Mounts mounting system is available in many configurations of bases and cradles so that users can attach a device – like a cell phone or tablet – to virtually any surface or vehicle.



Ex. 6 at NPI-ARK00067866.  As a result, RAM Mounts are popular with recreational users (boating, cycling, motorcycling, etc.), pilots, police, the military and others.  Given their broad

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 2 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

application, the RAM Mounts double ball and socket arms come in a variety of sizes, but consistently incorporate a virtually identical Hourglass Shape.[2]  Ex. 1 at 29:11-16.



Ex. 4 at NPI-ARK00067981.

NPI sells its popular Hourglass Shaped mounts in the U.S. and internationally through dealers, distributors, original equipment manufacturers ("OEMs") and on its own website.  Ex. 8 at 58:24-64:20.  Regardless of the method of sale or size, the vast majority of RAM Mounts brand double ball and socket mounts use the signature Hourglass Shape. ████████████

████████████████████████████████████████████████

**B.     NPI's Advertising Highlights the Signature Hourglass Shape.**

In addition to its consistent use of the Hourglass Shape since inception, NPI has consistently featured the Hourglass Shape in its advertising and promotional efforts both in images highlighting the shape and in language calling out the distinctive, trademarked shape:

**1.     Trade Shows**

NPI has sold and promoted its Hourglass Shaped RAM Mounts at hundreds of trade shows across the country since the early 1990's, including the Consumer Electronics Show, the

---

[2] NPI consistently uses the Hourglass Shape on its double ball and socket mount products.  Ex. 4.  NPI also sells other mount arms that do not incorporate the Hourglass Shape for particular uses, for example swivel arms, no-socket arms or flex arms.  *See e.g.*, *id.* at NPI-ARK00068031,049, 060, 075, 089, 097.  The existence of these separate products has no bearing on the issues here and does establish as a matter of law, lack of secondary meaning, especially given the prevalence of RAM Hourglass Shaped devices and NPI's consistent and widespread advertising of the Hourglass Shape.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 3 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

World Truck Show, the Professional Golfers' Association Merchandise Show, American Sportfishing Show and others.  Exs. 9, 10.  At trade shows, NPI emphasizes the distinctive Hourglass Shape of its devices in its displays, and it touts the Hourglass Shape in print materials that it hands out to trade show attendees.  Ex. 8 at 30:13-32:1; Ex. 11 at NPI-ARK00066930-31 (¶¶ 8-12); Ex. 12.  Specifically, NPI staff has always taken care to display physical specimens of the Hourglass Shaped RAM Mounts in a way that emphasizes the Hourglass Shape.  *Id.*

### 2.      Print Advertising & Catalogues

Since 1992, NPI has widely distributed print materials that feature the signature Hourglass Shape of its RAM Mounts.  Its "pocket brochures" – small, folded informational brochures – include photographs of its mounts that depict the Hourglass Shape.  Since 2006, those pocket brochures have used the term "Hourglass Shape" when referring to NPI trademarks.  Ex. 48.  Since 2013, they have included a stylized silhouette of an Hourglass Shaped mount, called out the Hourglass Shape as "Distinctive," and indicated that the shape is a trademark of NPI.  Ex. 15 at NPI-ARK00068937; Ex. 16; Ex. 8 at 47:2-49:25.  NPI hands out these pocket brochures at tradeshows and includes one in each and every package it ships.  *See e.g.*, Ex. 8 at 75:17-20; Ex. 11 at NPI-ARK00066931 ¶ 12.  Thus in the past decade, more than 20 million brochures highlighting the Hourglass shape have been seen by NPI's customers.  Ex. 16.

In addition to pocket brochures, NPI's catalogues prominently feature the RAM Mounts Hourglass Shape.  Early catalogues included images of RAM Mounts photographed to highlight the shape.  Ex. 17 at NPI-ARK00004782-4786, 4788-4790; Ex. 18.  Later catalogues also incorporate a stylized silhouette and explicitly call out the "distinctive Hourglass Shape" and NPI's registered trademarks.  *See e.g.*, Ex. 8 at 20:5-21:17 (Q: Okay.  And how did those catalogs mention the trademark shape? A: There's copy indicating NPI's trademarks and registered trademarks, and it calls out the hourglass shape as a trademark or registered trademark of National Products…), at 120:11-25; Ex. 19 at NPI-ARK00067858.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT            - 4 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511




Ex. 15 at NPI-ARK00068937 (Pocket Brochure); Ex. 6 at NPI-ARK00067974 (RAM Mounts Catalog).

### 3.   NPI's Website

NPI's website has prominently featured the RAM Mounts Hourglass Shape since 1997. Ex. 5 ¶ 14.  Initially the website served as an informational, online version of NPI's print catalogues and today, it is a full e-commerce site with product pages for each product NPI offers. Online materials demonstrate how to assemble RAM Mounts and how, once assembled, RAM Mounts are used in action and the online images of the RAM double-socket mounts emphasize the Hourglass Shape.  Ex. 20.  Many pages also incorporate a stylized silhouette of the Hourglass Shaped RAM Mount arms, and language that explicitly calls out the "distinctive Hourglass Shape" including identifying the hourglass shape as a registered trademark using the ® symbol. *See e.g.*, Ex. 21 at NPI-ARK00000758, 01229, 01232, 69394, 69396, 69400, 69403, 69406, 69407, 69411, 69413, 69422, 69426, 69430; Ex. 8 at 120:22-25 ("I'm aware of several product pages like this one that do specifically call out that the shape is a registered trademark of National Products…").

### 4.   Third-Party Sellers of RAM Mounts

NPI also partners with third-party dealers and distributors that sell and advertise RAM Mounts.  For example, Cabela's, one of the country's largest chain of sporting goods stores with

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 5 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

whom NPI has partnered since around 1995, has consistently featured RAM Mounts in its advertising materials to highlight the Hourglass Shape. Ex. 5 ¶ 19; Ex. 22 at NPI-ARK00068470; Ex. 23 at NPI-ARK00068471. Dealers like Marine.com do the same, and many call out the "sleek hourglass shape of the arm." Ex. 24 at NPI-ARK00068984; Ex. 25 at NPI-ARK00001114. Third-party OEMs incorporate RAM Mounts into their own product offerings and feature the Hourglass Shape in their installation guides which further solidifies consumer association of RAM Mounts with the Hourglass Shape. *See e.g.*, Ex. 26 at NPI-ARK00068594-600, 606-611; Ex. 27 at NPI-ARK00068927.

**C.    Customers and Prospective Customers Associate the Hourglass Shape with RAM Mounts.**

NPI's extensive advertising and consistent emphasis on the signature Hourglass Shape has been effective. Consumers consider the Hourglass Shape to be distinctive and associate it with the RAM Mounts brand. *See e.g.*, Ex. 8 at 29:14-30:12; 35:4-24. Dealers and distributors recognize the Hourglass Shape as the "calling card" of the RAM Mounts brand; can "immediately recognize[]" a RAM Mount because of its Hourglass Shape; and have "come to associate RAM quality with the [H]ourglass [S]hape." Ex. 28 ¶ 9; Ex. 29 at ¶ 10; Ex. 30 at ¶ 4.

**D.    Arkon Decides to Emulate NPI.**

Since approximately 2004, Arkon has sold primarily light-weight, plastic GPS phone mounting products, but Arkon initially avoided offering heavier-duty mounts like those RAM offered. Ex. 31 at 120:1-9. Around 2011, however, Arkon began entertaining the idea of offering heavy duty mounting products to compete with the well-established, heavy duty Hourglass Shaped RAM Mounts. *Id*. at 120:7-22. ███████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT        - 6 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1   ████████████████████████   He purchased an actual RAM Mount, which would

2   have been shipped with a pocket brochure calling out the distinctive Hourglass Shape.  Ex. 31 at

3   48:22-50:3; Ex. 8 at 32:22-33:1; 77:1-4.

4   ████████████████████████████████

5   ████████████████████████████████████

6   ████████████████████████████████

7   ████████████████████████████████

8   ████████████████   In late 2013, Arkon displayed exemplars of these "Robust Mounts" with an

9   hourglass shape at its CES Trade Show booth and introduced them in its 2014 catalog.  Ex. 32 at

10  43:3-14; Ex. 34 at AR000027.  It began selling accused Robust Mounts in March 2014 and

11  introduced new accused mounts in its 2015 catalog. Ex. 35 at 39:10-13; Ex. 36, pp. 42-46, 54-57.

12  ████████████████████████████████

13  ████████████████████████████

14  ██████████████████████████████████

15  ████████████████████████████

16  ████████████████████████████

17  ██████████████████████████████████

18  ████████████████████████████████

19  ████████████████████████████████

20  ████████████████████████████████

21  ███   Arkon's assertion, that it had no notice of the Hourglass Shape, is rendered incredulous by

22  Arkon's persistent, laser focus on NPI's Hourglass Shaped RAM Mounts, copying of the

23  Hourglass Shape, and deliberate positioning of its product to trade off NPI's established brand of

24  Hourglass Shaped mounts.

25      NPI filed its complaint in this action in September 2015.  Dkt. No. 1.  The following

26  spring, a second design appeared on the market, sold under identical product identifiers, which

27  still incorporate NPI's Hourglass Shaped trade dress as an etching on the side mount arm that

28  evokes the Hourglass Shape and is therefore likely to cause purchaser confusion.  *See* Dkt. No.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 7 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

47 at 17; *see also* Ex. 31 at 78:12-20, 84:8-15.

## III.   ARGUMENT

On summary judgment, courts determine whether, "[v]iewing the evidence in the light most favorable to the nonmoving party [] and drawing all reasonable inferences in its favor . . . there are any genuine issues of material fact." *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 52, 1257 (9th Cir. 2001). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he district court is prohibited from weighing evidence and deciding issues of contested fact . . . . [T]he role of the district court at this stage . . . is simply to determine whether a triable issue of fact exists." *Click Billiards*, 251 F.3d at 1264. If any dispute of material fact exists, summary judgment is improper. *Id.* at 1267.

Arkon cannot demonstrate the absence of genuine issues of material fact. Indeed, evidence in the record demonstrates that the Hourglass Shape is valid, non-functional and that purchasers associate the Hourglass Shape with the RAM Mounts brand. Further, there is plenty of evidence from which a jury could find that Arkon's adoption of NPI's signature Hourglass Shape in its competing products is likely to cause confusion. Arkon's purported evidence to the contrary only highlights the numerous factual disputes that preclude summary adjudication.

### A.   THE NINTH CIRCUIT DISFAVORS SUMMARY JUDGMENT IN TRADEMARK CASES.

"Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)); *see also Clicks Billiards*, 251 F.3d at 1265 ("[T]rial courts disfavor deciding trademark cases in summary judgments because the ultimate issue is so inherently factual"). The Ninth Circuit's disfavor of summary judgment in trademark cases extends to the question of likelihood of confusion due to the intensely factual nature of the issue. *See KP Permanent Make-Up*, 408 F.3d at 608. If, as here, a jury could reasonably conclude that

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT      - 8 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

there is a likelihood of confusion, or adequate evidence to create a material issue of fact, summary judgment is inappropriate. *Id*. at 408 F.3d at 609.  Here, there are multiple questions of fact for a jury to consider, both in terms of validity of NPI's Hourglass Shape trade dress and likelihood of confusion.  Summary judgment is thus inappropriate.

### B.     NPI'S HOURGLASS SHAPED TRADE DRESS IS VALID

#### 1.     NPI's Registered Trade Dress Is Presumptively Valid.

"[F]ederal registration of [a] trademark constitutes prima facie evidence of the mark's validity" and entitles the trademark owner to a "strong presumption" that the mark is valid. *Solid 21, Inc. v. Breitling USA, Inc.*, 512 F. App'x 685, 686 (9th Cir. 2013); *KP Permanent Make-Up*, 408 F.3d at 604 (citing *Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1254 (9th Cir. 1982)). This presumption is "difficult to overcome" (*Solid 21*, 512 F. App'x at 686):

> ... the plaintiff in an infringement action with a registered trademark is given the prima facie or presumptive advantage on the issue of validity.... to put it as we did in *Vuitton*, the defendant then bears the burden with respect to invalidity.

*KP Permanent Make-Up*, 408 F.3d at 604 (citing *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 782-783 (9th Cir. 2002)).

NPI's Hourglass Shape trade dress is federally registered and entitled to a strong presumption of validity.  Ex. 3.  NPI was entitled to its registration based on ample evidence including NPI's exclusive and continuous use of the Hourglass Shape since 1992, as well as a consent judgment from a prior lawsuit involving the Hourglass trade dress, where one of NPI's largest competitors acknowledged that NPI "has a protectable trade dress," which is "nonfunctional and has acquired secondary meaning with consumers." *Id*. at NPI-ARK00067690 (¶ 6).  The Trademark Office issued Reg. No. 4,254,086 to NPI in December 2012.  *Id*. at NPI-ARK00067649.

Arkon's challenge to NPI's registration is unfounded.  Arkon claims that it was inappropriate for NPI to submit the final consent judgment with its application because NPI did not disclose that the judge had initially declined to sign *a different* proposed consent judgment. But Judge Pechman *did* sign the parties' Amended Consent Judgment, which contained the

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT      - 9 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

language NPI referenced in its application to register the Hourglass Shape. *See National*

*Products Inc. v. Gamber Johnson LLC*, No. 2:04-cv-02524, Dkt. No. 179 (W.D. Wash. Oct. 2,

2006). NPI's submission of that document, and any reliance on it by the PTO, was therefore

perfectly proper, particularly because the language highlighted for the Trademark Office never

changed. Thus, Arkon's speculation about why Judge Pechman may have refused to enter the

originally proposed consent judgment has no bearing on the validity of NPI's duly registered

Hourglass Shape trade dress.

### 2. The Hourglass Shape is Not Functional.

On summary judgment, Arkon's burden of demonstrating that NPI's registered trade

dress in the Hourglass Shape is functional is high. First, Arkon must show that there are no

disputed facts – an uphill battle given that "functionality is generally viewed as an intensely

factual issue." *Millennium Labs., Inc. v. Ameritox, Ltd.*, 817 F.3d 1123, 1129 (9th Cir. 2016);

*see also Touchpoint Commc'ns, LLC v. Dentalfone, LLC*, No. 3:15-CV-05240-JRC, 2016 WL

525932, at *4 (W.D. Wash. Feb. 10, 2016) ("Functionality is a question of fact."). Second,

Arkon must overcome the presumption of non-functionality that NPI's federal registration

creates using undisputed facts. *See Tie Tech, Inc.*, 296 F.3d at 783; *see also OTR Wheel Eng'g,*

*Inc. v. W. Worldwide Servs., Inc.*, 602 F. App'x 669, 671 (9th Cir. 2015) (discussing the

"presumption of nonfunctionality that results from [federal registration]"). Arkon can do neither.

Instead, the evidence regarding each of the four factors courts consider weighs heavily against

summary judgment. *Millennium Labs.*, 817 F.3d at 1130 (citations omitted) (the four factors

courts in the Ninth Circuit evaluate when considering whether a trade dress is functional are (1)

whether the design yields a utilitarian advantage, (2) whether alternative designs are available,

(3) whether advertising touts the utilitarian advantages of the design, and (4) whether the

particular design results from a comparatively simple or inexpensive method of manufacture).

### a. The Hourglass Shape Does Not Provide A Utilitarian Advantage.

The Hourglass Shape provides no functional or utilitarian advantage over other mount

designs. Mr. Carnevali chose the Hourglass Shape because of aesthetic and source identification

considerations, not performance or function. Ex. 1 at 75:6-12; 106:21-25, 168:13-14, 176:24-

177:7, 178:14-15.  Mr. Carnevali testified that "...the Hourglass Shape has no function other than it looks good.  It's esthetically (sic) pleasing" and for "cosmetic reasons" *Id.* at 75:6-12, 106:21-25.  Expert analysis of NPI's Hourglass Shaped devices confirms that "[t]he Hourglass Shape provides no functional benefit to the device."  Declaration of James B. Babcock in Support of NPI's Opposition ("Babcock Decl."), Ex. A ¶ 16.  In fact, "[i]nstead of adding or enhancing functionality to a mount, the Hourglass Shape actually detracts from stress mitigation in a loaded mechanical component.  The reduction of the cross section of the arm due to this shape (i.e., the tapering in the middle) causes the stresses in the middle of the arm to be higher than it would be in a mount with a straight-sided arm." *Id.* at ¶ 19.

In assessing whether a feature has a utilitarian advantage that would render it functional, "[t]he proper inquiry is not whether individual features of a product are functional or nondistinctive, but whether the whole collection of features taken together are functional or non-distinctive."  Thus, even if a bottle serves to hold liquid, "the bottle's configuration may still qualify for trademark protection if its physical details are nonfunctional and have acquired secondary meaning." *Tie Tech*, 296 F.3d at 785.  For example, "the hour-glass shaped, green, fluted bottle of the Coca–Cola company is protected by trade dress." *Global Mfg. Grp., LLC v. Gadget Universe.Com*, 417 F. Supp. 2d 1161, 1169 (S.D. Cal. 2006).  Here, the evidence in the record demonstrates that the shape is the opposite of functional.  It is less desirable from a functional standpoint, and yet was selected because it was aesthetically pleasing.  In the face of these facts, Arkon cannot establish as a matter of law, that the Hourglass Shape is functional.

Arkon's emphasis on an expired utility patent for the proposition that the Hourglass Shape provides a utilitarian advantage is a red herring.[3] *See* Dkt. No. 47 at 8-10.  The presence of a utility patent is not evidence of functionality where, as here, a plaintiff does not claim as its trade dress, the mechanism covered by the patent. *See Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SACV 15-0246-DOC(DFMX), 2016 WL 4992111, at *6 (C.D. Cal. Sept. 15, 2016)

---

[3] Arkon's claim that photographers experience a utilitarian advantage of the Hourglass Shape is also irrelevant, and based on nothing more than the uncorroborated testimony of Arkon's Mr. Brassard. *See* Dkt. No. 44 at 11(citing Brassard Depo. testimony).  The aesthetic, source-identifying character of the Hourglass Shape has no function. *See id.*

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 11 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

(The design was not the subject utility patent in question, therefore the existence of the individual utility patents on components did not weigh in favor of summary judgment).  NPI's expired utility patent covered the features and functions of the mount itself.  Here, the Hourglass Shape is merely a disclosure incidental to the '885 patent and is not a functional or claimed aspect of the patented invention.

Arkon's assertion that NPI "admits" functionality is plainly wrong.  *See* Dkt. No. 47 at 10-11.  In his deposition, Mr. Carnevali explained that the *inside* of the arms must accommodate the round balls of the ball and socket device and that the exterior shape of the device could be something else: "The inside shape [of the arm] performs the function [of holding the ball in]," that "[t]he [out]sides of this [arm] do not hold the ball in . . . . This is simply a profile," and that the exterior of the arms "***could be any shape and it would still work***." (emphasis added) Ex. 1 at 176:3; 174:13-20; *see also id.* at 175:17-20.  Given the abundant evidence in the record that the Hourglass Shape is aesthetic and provides no utilitarian advantage, this factor weighs heavily against summary judgment.

>    **b.**   **The Existence of Alternatives to the Hourglass Shape Weighs Against Summary Judgment.**

The presence of alternative designs for a product tends to show that the trade dress in question is not functional.  *See TrafFix Devices, Inc., v. Mktg. Displays, Inc.*, 532 U.S. 23, 34 (2001).  Here, the record is replete with evidence of effective and desirable alternative designs for the external shape of a double ball and socket mount.  In his deposition, Mr. Carnevali testified that alternatives would offer the same if not better performance for a mounting arm: "I could . . . show you all [] sort of shapes where this will still work and not look anything like our trademark" and even that a non-hourglass-shaped arm with sockets that extended around the ball "would be even stronger" Ex. 1 at 174:2-7; 176:13-15; *see also id.* at 168:5-16, 177:3-5.  NPI's expert provided tests that proved this point.  Babcock Decl. ¶ 5.  The strong uncontroverted evidence that alternative designs to the Hourglass Shape exist also weighs against summary judgment.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 12 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

**c.      NPI's Advertising Supports a Finding of Non-Functionality.**

Because there is no utilitarian advantage of the Hourglass Shape, NPI cannot tout such a non-existent benefit.  Instead, NPI's advertising consistently refers to the "distinctive Hourglass Shape."  Its pocket brochures and catalogues incorporate that language and many incorporate the stylized silhouette, further drawing attention to the attractive shape of the product.  By the same token, third-party websites offering RAM Mounts products often refer to the attractive "sleek" or "distinctive" design.  *See e.g.*, Ex. 39 at NPI-ARK00069493; Ex. 40 at NPI-ARK00069529; Ex. 24 at NPI-ARK00068984; Ex. 25 at NPI-ARK00001114.

Arkon is unable to point to any evidence that NPI advertises any purported utilitarian advantage of the Hourglass Shape.  Thus, this factor also weighs against summary judgment.

**d.      There Is No Manufacturing Benefit to the Hourglass Shape.**

Similarly, Arkon presents no evidence that the Hourglass Shape offers any "economies in manufacture or use," (*Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1009 (9th Cir. 1998), cost-cutting or simplified manufacturing processes or otherwise improved methods of manufacture" that might imply functionality.  *Talking Rain Beverage Co. v. Beach Beverage Co.*, 349 F.3d 601, 604 (9th Cir. 2003).  In fact, the Hourglass Shape is more costly to manufacture: it requires more material and a more complex CAD model and tooling system.  *See* Ex. 1 at 168:5-7 (an arm with straight sides would probably cost less); 168:9-16 (straight sides would require less material; the CAD model and tooling would be easier to make, last longer and be simpler.); Babcock Decl., ¶ 5 (the Hourglass Shape would likely increase manufacturing cost.)

In sum, and even setting aside the presumptive validity of NPI's federally registered mark, each of the factors that the Ninth Circuit considers when evaluating whether an asserted trade dress is functional, weighs against summary judgment.

**3.      NPI's Hourglass Shape Has Acquired Secondary Meaning.**

There is strong evidence in the record that NPI's Hourglass Shape has acquired secondary meaning in addition to the strong presumption of secondary meaning created by NPI's federal registration of the Hourglass Shape.  *Cold War Museum, Inc. v. Cold War Air Museum, Inc.*, 586 F.3d 1352, 1356 (Fed. Cir. 2009).  Indeed "in a federal infringement action, the holder

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT      - 13 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

of the registered mark may rely on section 2(f) to show acquired distinctiveness (i.e., secondary meaning) as of the date of registration." *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1116 (N.D. Cal. 2010).  Moreover, "[w]hether a particular trade dress has acquired secondary meaning is a question of fact" that can be "established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Click Billiards*, 251 F.3d at 1262; *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009); *See also Cold War Museum*, 586 F.3d at 1356; *Sand Hill Advisors*, 680 F. Supp. 2d at 1116.  Arkon's burden on summary judgment is therefore high and its unsupported arguments are insufficient to overcome the record replete with evidence that Hourglass Shape has acquired secondary meaning.  In addition to the Federal registration, the evidence includes:

- NPI's customers and prospective customers associate the Hourglass Shape with the RAM brand.  Ex. 28 ¶ 10; Ex. 29 ¶ 9; Ex. 30 ¶ 4; Ex. 46 ¶¶ 7, 13-15; Ex. 47 ¶¶ 12-13; Ex. 8 at 29:4-30:9 ("I had one of those in my MRAP that I drove in Afghanistan. . . . How did you know that it was a RAM Mount?  Oh, because of the shape. . . . The shape I recognize, and I recognize that to be a RAM Mount."

- NPI has used the Hourglass Shape in RAM Mounts consistently since 1992.

- ████████████████████████████████████
  ████████████████████████████████████

- Professor Carl Obermiller's opined, based on his assessment of NPI's products and application of relevant marketing principle, that the Hourglass Shape is distinctive and that consumers associate it with the RAM Mounts brand.  Declaration of Carl Obermiller in Opposition to Arkon's Motion for Summary Judgment ("Obermiller Decl.") ¶ 5, Ex. A at ¶¶ 10, 13-23, 25-44, 47-48.

- Consistent positioning of RAM Mounts samples to highlight the Hourglass Shape.

- Visual images of the RAM Mounts in print materials and on the RAM Mounts website have consistently highlighted the Hourglass Shape.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 14 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

- Resellers use of the terms "distinctive Hourglass Shape" or "sleek Hourglass Shape."

- Competitor Gamber-Johnson's adopted NPI's Hourglass Shape and later admitted that the Hourglass Shape was distinctive. Ex. 3 at NPI-ARK00067691 (at ¶ 6), NPI-ARK00067693 (at ¶ B);

- 

Arkon seems to take the position that absent a stamp bearing its federal registration number on RAM products or packaging, that the RAM Mounts cannot have acquired secondary meaning in the mind of consumers. *See* Dkt. No. 47 at 12-14. Arkon cites to no case law that a manufacturer must "mark" in this manner to preserve the rights afforded to it by its federal registration. Indeed, that is not the law. *See generally* 2 McCarthy on Trademarks and Unfair Competition §§ 15.1-15.58 (4th ed.); *see also*, *Clamp Mfg., Co.*, 870 F.2d at 517 (the secondary meaning inquiry focuses on whether the purchasing public associates the product configuration with a particular source). Here, there is more than sufficient evidence of secondary meaning to preclude summary judgment. [4]

### 4.    NPI's Hourglass Shape Is Not Generic.

There is not a shred of evidence in the record to support Arkon's contention that NPI's registered trademark is "generic." If buyers understand the trademark as being "identified with a particular producer's goods or services, it is not generic." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928-29 (9th Cir. 2005)). Indeed, courts have repeatedly found that the shape of a bottle or container, such as the shape of Coca-Cola's bottle, is not generic, where the shape serves as a source identifier. *See VIP Prods., LLC v. Jack Daniel's Props., Inc.*, No. CV-14-2057-PHX-SMM, 2016 WL 5408313, at *6 (D. Ariz. Sept. 27,

---

[4] Arkon suggests that absent a survey expert on secondary meaning, NPI cannot establish secondary meaning. Dkt. 47 at 11. That is not the law. "Evidence of use and advertising over a substantial period of time is enough to establish secondary meaning." *Clamp Mfg. Co.*, 870 F.2d at 517; *see also Herman Miller, Inc. v. Palazzetti Imps. & Exps., Inc.*, 270 F.3d 298, 315 (6th Cir. 2001) ("consumer surveys, while helpful, are not a prerequisite to establishing secondary meaning").

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT        - 15 -
Case No. 2:15-cv-01553-RSL

1   2016) (Jack Daniels Tennessee Whiskey bottle dress was a "source identifier" and  "not generic

2   as a matter of law"); *Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d 555, 599

3   (W.D. Pa. 2013) (hourglass shaped container was not generic, but arbitrary and fanciful because

4   the shape "strongly indicates the source of the product"); *see also Qualitex Co. v. Jacobson*

5   *Prods. Co.*, 514 U.S. 159, 162 (1995) (the shape of the Coca-cola bottle is a valid trade dress,

6   and therefore not generic).  NPI's Hourglass Shape falls squarely within this line of cases.  It is a

7   source identifier and is not, as a matter of law, generic.

8   Moreover, absent any supporting evidence, Arkon cannot meet its high burden on

9   summary judgment of proving that NPI's federally registered trademark is generic: "Federal

10   registration of a trademark endows it with a strong presumption of validity . . . includ[ing] the

11   specific presumption that the trademark is not generic."  *See Topline Corp. v. 4273371 Canada,*

12   *Inc.*, No. C07-938Z, 2007 WL 2332471, at *4 (W.D. Wash. Aug. 13, 2007); *Solid 21*, 512 F.

13   App'x at 686.  To overcome this presumption, Arkon would need to show that despite all

14   inferences drawn in NPI's favor, the mark was or has become generic, meaning that customers

15   understand the trademark to refer "to the goods themselves" rather than the particular producer's

16   goods or services.  *Calista Enters. Ltd. v. Tenza Trading Ltd.*, 43 F. Supp. 3d 1099, 1115 (D. Or.

17   2014); *Yellow Cab Co.*, 419 F.3d at 928-29).  The inquiry focuses on whether the trade dress is

18   "(1) overbroad or too generalized; (2) the basic form of a type of product; or (3) so common that

19   it cannot be said to identify a particular source."  *Diamond Foods, Inc.*, No. 14-CV-03162-BLF,

20   2016 WL 3880797, at *11 (N.D. Cal. July 18, 2016) (citing *Walker & Zanger, Inc. v. Paragon*

21   *Indus., Inc.*, 549 F. Supp. 2d 1168, 1175 (N.D. Cal. 2007)).

22   NPI's Hourglass Shape is not overbroad or generalized, rather it is concrete and source-

23   identifying.  NPI's federally registered trade dress is a "three-dimensional configuration of a

24   double-socket mount arm that is tapered in the middle like an hourglass":

25

26

27

28

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT                   - 16 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511



Ex. 3 at NPI-ARK00067649.  In contrast to generic designs, NPI's trade dress does not merely

identify the type of product, but it identifies the particular source.  *See Yellow Cab*, 419 F.3d at

929; *contra Glassybaby, LLC v. Provide Gifts, Inc.*, No. C11-380 MJP, 2011 WL 4571876, at *2

(W.D. Wash. Sept. 30, 2011) (trade dress is generic if "[i]t gives no indication of source").  As

discussed in detail above, the record demonstrates that the relevant public associates the

Hourglass Shape with the RAM Mounts brand of double-socket mount arms.  Ex. 28¶ 9; Ex. 29

¶ 10; Ex. 30 ¶ 4.

Further, the Hourglass Shape is readily distinguishable from other mounting arm products

in the industry; it is not a "basic form" of mounts and is certainly not common.  The record is full

of evidence that mounting arm products have a myriad of different shapes.  As an example,

during Mr. Carnevali's deposition, he reviewed a 29-page printout from Amazon.com, depicting

various mounting products, none of which were hourglass shaped except for Plaintiff's products

and Arkon's own "RAM type" infringing mounts.[5]  *See* Karish Decl., Ex. L (Carnevali Dep. Ex.

107); Ex. 1 at 54:5-63:15; 59:1-5 (Q. And would you say that any of those shaped necks, that

you're aware of, from other companies are hourglass-shaped?  A. The ones that I've seen this

morning I don't see an hourglass shape on those necks.).  By contrast, Defendant presents

nothing beyond attorney argument that the hourglass shape is a commonly-used "basic form" for

mounting.  Arkon's use of figures in unrelated patents is irrelevant to the genericness inquiry, as

Arkon presents no evidence that any of the devices depicted in those figures was actually sold,

---

[5] The products listing "ChargerCity" as the seller are believed to be Arkon's "RAM type" infringing products.  *See* http://www.arkon.com/mm5/merchant.mvc?Screen=dealers-us (Arkon's website lists ChargerCity as a reseller).

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 17 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

let alone in the relevant markets. *See Diamond Foods*, 2016 WL 3880797, at *11 (citing *Walker & Zanger*, 549 F. Supp. 2d at 1174 (trade dress is generic only "if the product design is so common **in the industry** that it cannot be said to identify a particular source." (emphasis added)). Nor does Arkon's identification of two non-accused mounts establish that the Hourglass Shape is a "basic form," common in the industry.  Indeed, those products and patent figures do not depict anything hourglass shaped; they are instead, for example, an "instrument supporting head bands" (Karish Decl., Ex. I) and a "bracket for supporting mirrors" (*Id*., Ex. G).  *See also id*., Exs., H, J; Dkt. No. 45, Decl. of Aaron Roth ISO Arkon's MSJ ("Roth Decl."), Exs. A, B.

In sum, what Arkon points to as "evidence" actually serves only to highlight the existence of questions of fact precluding summary adjudication.  The absence of evidence of any Hourglass Shaped mount arm other than its own infringing product, renders summary judgment inappropriate on the question of genericness of the Hourglass Shaped trade dress.

### C. MULTIPLE DISPUTES OF MATERIAL FACT REGARDING LIKELIHOOD OF CONFUSION PRECLUDE SUMMARY JUDGMENT.

As Arkon correctly notes, courts in the Ninth Circuit consider the eight "Sleekcraft" factors in determining whether a likelihood of confusion exists: 1) the strength of the mark; 2) proximity or relatedness of the goods; 3) the similarity of the marks; 4) evidence of actual confusion; 5) the marketing channels used; 6) the degree of care customers are likely to exercise in purchasing the goods; 7) the defendant's intent in selecting the mark; and 8) the likelihood of expansion into other markets. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979)), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 (9th Cir. 2003).  Because of the factually intensive nature of this inquiry, to prevail on summary judgment, Arkon would have to show that NPI can present no evidence that could possibly support a factual finding of likelihood of confusion. *See Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 632 (9th Cir. 2008) (summary judgment of likelihood of confusion is improper where court does not consider "all the relevant factors"); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1210 (9th Cir. 2012) (summary judgment of likelihood of confusion improper where any of the relevant factors raises an issue of fact).  Here, there are numerous,

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 18 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

specific disputes of fact that should be resolved at trial rather on summary judgment.

### 1. The Strength of the Hourglass Shape Trade Dress as a Mark

NPI's evidence establishes that numerous customers and prospective customers associate the Hourglass Shape with the RAM Mounts brand.  Ex. 28 ¶ 9; Ex. 29 ¶ 10; Ex. 30 ¶ 4. Ex. 8 at 29:4-30:12.  Arkon's attorney argument that the mark is "generic or at best very weak" is not evidence to the contrary.

### 2. Similarity of Appearance

Because Arkon slavishly copied NPI's Hourglass Shaped double ball and socket mount, the product shapes are not merely "similar," but are in fact the same.  *See* Dkt. No. 47 at 17. Indeed, evidence in the record shows that purchasers of mounts find them to be similar in appearance. *See* Ex. 28 ¶ 10; Ex. 29 ¶ 12; Ex. 30 ¶ 5.  Arkon has not submitted evidence that forecloses a jury finding this factor in NPI's favor.

### 3. Actual or Likely Confusion

Arkon's insistence that there is no evidence of actual confusion is not borne out by the record.  NPI's customers have identified Arkon mounts and "immediately noticed that many of the products on the [Arkon] [web]site appear to be copies of RAM Mounts because they reference RAM's hourglass shape."  Ex. 28 ¶ 10; *see also* Ex. 29 ¶ 12 ("many of [Arkon's] products on the site look just like RAM Mounts because they incorporate and evoke RAM's hourglass shape"); Ex. 30 ¶ 5 ("I noticed that many of [Arkon's] products on the site look similar to RAM Mounts because they incorporate the hourglass stem shape that I associate with [the] RAM product.").  Mr. Hersey provided evidence a jury could find to be actual confusion, or that indicate a likelihood of confusion, namely (1) that a former reseller of RAM Mounts used RAM Hourglass Shaped mounts in a promotional video to offer Arkon's RAM style mounts for sale; and (2) that on Amazon.com, a search for RAM Mounts displays Arkon's RAM style mounts in addition to genuine RAM Mounts. Ex.  8 at 126:9-127:14.

Moreover, proof of actual confusion is not required – the test is whether confusion is *likely*.  McCarthy § 23:12 (*citing  Perfumebay.com Inc. v. eBay, Inc.*, 506 F.3d 1165, 1176 (9th Cir. 2007) ("[T]he failure to prove instances of actual confusion is not dispositive against a

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 19 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1  trademark plaintiff …difficulties in gathering evidence of actual confusion make its absence

2  generally un-noteworthy.")).  Given the numerous facts from which a jury could conclude that

3  actual confusion has already occurred or is likely to occur, this factor weighs against summary

4  judgment.

### 4.      Marketing Channels and Degree of Purchaser Care

6          Arkon claims that that the parties' respective marketing channels and degree of purchaser

7  care are "unlikely to lead to confusion" and "lead to very little likelihood of confusion."  Dkt.

8  No. 44 at 19.  That is not the standard on summary judgment.  Instead, Arkon must foreclose the

9  existence of evidence that could support a factual finding of likelihood of confusion.  *Jada Toys*,

10  518 F.3d at 632; *Rearden*, 683 F.3d at 1210.  ████████████████████████

11  ████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████

14  ████████████████████████████████████████  Further,

15  there is evidence in the record that buyers that Arkon characterizes as "experts" found Arkon's

16  RAM style mounts confusingly similar to NPI's Hourglass Shaped RAM Mounts.  Exs. 28 at ¶

17  10, 29 at ¶ 12, 30 at ¶ 5.  Given that courts recognize that even sophisticated, professional buyers

18  can be confused (*Electropix v. Liberty Livewire Corp.*, 178 F. Supp. 2d 1125, 1134 (C.D. Cal.

19  2001)), Arkon's mere assertions to the contrary do not justify summary judgment.

### 5.      Arkon's Intent to Copy the Hourglass Shape

21          Despite Arkon's protestation of innocent motives, the record is replete with evidence that

22  Arkon acted with deliberate intent to trade on decades of NPI's goodwill.  ████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT                    - 20 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1    Against this backdrop, Arkon now claims that it was "unaware" of the RAM Mounts

2    Hourglass Shape trade dress.  This claim falls flat, but at the very least is a genuine factual

3    dispute for the jury.  There is more than enough evidence for a jury to conclude that Arkon's

4    intent in adopting NPI's Hourglass Shape was to a derive benefit from NPI's established

5    reputation, to deceive the public and cause confusion.  *See e.g., Sally Beauty Co.,  v. Beautyco,*

6    *Inc.*, 304 F.3d 964 (10th Cir. 2002).

7    In short, there is abundant evidence that a jury could rely on to find a likelihood of

8    confusion.

9    **D.    NPI IS ENTITLED TO RELIEF UNDER ITS STATE LAW CLAIMS.**

10    NPI's state law claims against Arkon are not preempted by federal patent laws.  Arkon

11    fundamentally misunderstands the preemption doctrine.  *See* Dkt. No. 44 at 20-23.  Preemption

12    only occurs if the state laws asserted enter a field regulated by patent law—that is, if the state

13    laws are being used in attempt to protect patentable, *utilitarian* aspects of a product.  *Summit*

14    *Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439 (9th Cir. 1993) (state law

15    preempted because it was "'aimed directly at preventing the exploitation of the design and the

16    utilitarian conceptions embodied in the product itself' *rather than 'protection against copying of*

17    *nonfunctional aspects of consumer products which have acquired secondary meaning such*

18    *that they operate as a designation of source*'" (emphasis added)).  State laws are not preempted

19    when they protect against copying of nonfunctional aspects, like designation of source.  *See id*;

20    *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 154 (1989) ("States may protect

21    businesses in the use of their trademarks . . . or distinctive dress . . . to prevent others, by

22    imitating such markings, from misleading purchasers as to the source of the goods.").

23    Here, NPI's trade dress is distinct from patentable, utilitarian aspects of its product, and

24    NPI does not assert its state law claims to protect those patentable, utilitarian aspects.  Indeed,

25    Arkon does not identify a single case where a court held that state law consumer protection,

26    unjust enrichment, or unfair competition claims related to trade dress infringement were

27    preempted by federal patent law.  Rather, Arkon cites by analogy copyright preemption cases.

28    Those do not apply here.  For example, in *Blue Nile, Inc. v. Ice.com*, 478 F.Supp.2d 1240, 1248

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT         - 21 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

1  (W.D. Wash. 2007), this Court held that plaintiffs' state law claims were preempted because they

2  "rest expressly on the same allegations as its copyright claims."  But, NPI's state law claims do

3  not rest on equivalent federal patent infringement claims.  Rather, NPI's federal claims implicate

4  the Lanham Act which "has not been interpreted as a statute with broad preemptive reach[.]"  *1st*

5  *Tech. LLC v. Bodog Entm't Group S.A.*, No. C08-0872-JCC, 2009 U.S. Dist. LEXIS 15659, at

6  *22 (W.D. Wash. Feb. 6, 2009) (quoting *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th

7  Cir. 2007); *see also Golden Door, Inc. v. Odisho*, 646 F.2d 347, 352 (9th Cir. 1980) (the Lanham

8  Act did not preempt state law where the two did not conflict).  NPI's state law claims are thus

9  not preempted by federal law.[6]

10      **E.    NPI IS ENTITLED TO PRE-FILING DAMAGES.**

11          NPI provided ample notice of its trade dress rights in compliance with 15 U.S.C. § 1111.

12  NPI's marketing materials clearly indicate that the Hourglass Shape is a registered trademark of

13  NPI.  *See* Ex. 6 at NPI-ARK00067974 (catalogue dated prior to filing, with ® next to hourglass

14  silhouette); Ex. 8 at 48:1-4 (brochures have indication that shape is a registered trademark)).

15  And there is substantial evidence that Arkon had actual notice of NPI's registered trade dress.

16  Arkon's corporate witnesses testified that Arkon employees had purchased NPI products.  Ex. 32

17  at 60:3-16; Ex. 31 at 48:22-50:12.  As every product is provided with a pocket brochure

18  notifying purchasers that the Hourglass Shape is an NPI trademark, Defendant had actual notice.

19  Ex. 8 at 46:17-23, 48:1-4, 75:17-20 (pocket brochures state that the Hourglass Shape is protected

20  as a trademark by NPI); Ex. 15 at NPI-ARK00068937; Ex. 16. ████████████████

21  ████████████████████████████████████████

22  ████████████████████████████████████████

23  ████████████████████████████████████

24  ████████████████████████████████████

25  ████████████████████████████████████

26  ████████████████████████████████████████

27

28  ─────────────────────
[6] NPI is also entitled to recover under its claim for Washington common law trade dress infringement for the same
reasons as explained above.  *See supra* §§ III.B, III.C.

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT        - 22 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE  206.389.4511

1 ████████████████████████████████████████████████

2 ███████████████████████████████████████████████

3 ████████████████████████████████   In sum, the evidence

4 overwhelmingly shows not only that NPI provided sufficient notice by displaying the "®"

5 symbol, but also that Defendant had actual notice of NPI's Hourglass Shape trade dress.  NPI is

6 therefore entitled to pre-filing damages.

7       Further, even if NPI had not complied with § 1111 (which it did), NPI is still entitled to

8 recover damages under its claims that are not subject to § 1111, including its claim under 15

9 U.S.C. § 1125(a) (Section 43 of the Lanham Act)), as well as its state law claims.  *See Black &*

10 *Decker Corp. v. Positec USA Inc.*, No. 11-CV-5426, 2015 WL 1543262, at *36 (N.D. Ill. Mar.

11 31, 2015), *reconsideration denied sub nom. The Black & Decker Corp. v. Positec USA Inc.*, No.

12 11-CV-5426, 2015 WL 4183775 (N.D. Ill. July 10, 2015) ("Statutory notice is irrelevant to

13 claims for infringement of an unregistered mark under § 43(a) of the Lanham Act or under state

14 law." (quoting 4 CALLMAN ON UNFAIR COMPETITION, TRADEMARKS AND

15 MONOPOLIES § 23:79 (4th ed.)); *Coach, Inc. v. Siskiyou Buckle Co.*, No. 03:11-CV-486-HZ,

16 2012 WL 3309719, at *1 (D. Or. Aug. 10, 2012) ("[U]nlike the [federal] trademark infringement

17 claim, notice of the trademark is not necessary for recovery of damages" under federal unfair

18 competition claim); *see also Nat'l Prods., Inc. v. Aqua Box Prods., LLC*, No. C12-0605-RSM,

19 2013 WL 1399346, at *2 (W.D. Wash. Apr. 5, 2013) ("A finding of unfair competition or false

20 designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), may entitle the plaintiff to

21 recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of

22 the action.").  In other words, even if NPI's trademark was not registered and thus could not

23 possibly comply with § 1111 requirements, NPI is entitled to damages under other federal and

24 state law claims not subject to § 1111.

25       Moreover, as outlined above, there is ample evidence for a jury to find that Arkon acted

26 willfully.  The Ninth Circuit has held that willful infringement occurs where defendant is

27 "attempting to gain the value of an established name of another" and can be demonstrated

28 by conduct that is "deliberate, false, misleading, or fraudulent."  *Fifty-Six Hope Rd. Music, Ltd.*

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT    - 23 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON 98101
TELEPHONE 206.389.4510
FACSIMILE  206.389.4511

1  *v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1073-74 (9th Cir. 2010). ████████████

2  ████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████  *see also Fifty-Six Hope Rd.*

5  *Music*, 778 F.3d at 1074 (finding that jury's finding of willfulness was sufficiently supported by

6  testimony showing defendant's "awareness of its competitors and its actions at those

7  competitors' expense.").

8  **IV.     CONCLUSION**

9       For each and all of the reasons above, NPI respectfully submits that Arkon has not

10  demonstrated the absence of genuine issues of material fact.  NPI therefore requests that the

11  Court deny Arkon's motion for summary judgment.

12

13  Dated:   October 31, 2016          Respectfully submitted,

14                                     FENWICK & WEST LLP

15                                     By: *s/Jeffrey A. Ware*
                                           David K. Tellekson, WSBA No. 33523
16                                         Jeffrey A. Ware, WSBA No. 43779
                                           Ewa M. Davison, WSBA No. 39524
17                                         Guinevere L. Jobson (admitted *pro hac vice*)
                                           1191 Second Avenue, 10th Floor
18                                         Seattle, WA  98101
                                           Telephone:   206.389.4510
19                                         Facsimile:   206.389.4511
                                           Email:       dtellekson@fenwick.com
20                                                      jware@fenwick.com
                                                        edavison@fenwick.com
21                                                      gjobson@fenwick.com

22                                     *Attorneys for Plaintiff*
                                       *National Products Inc.*
23

24

25

26

27

28

NPI'S OPPOSITION TO ARKON'S
MOTION FOR SUMMARY JUDGMENT          - 24 -
Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP
1191 SECOND AVENUE, 10TH FLOOR
SEATTLE, WASHINGTON  98101
TELEPHONE  206.389.4510
FACSIMILE   206.389.4511

1

## CERTIFICATE OF SERVICE

2

3   I, Sharie L. Parks, hereby certify that on October 31, 2016, I caused the foregoing

NATIONAL PRODUCTS INC.'S OPPOSITION TO ARKON RESOURCES, INC.'S

4

MOTION FOR SUMMARY JUDGMENT OF INVALIDITY AND NON-

5

INFRINGEMENT to be served on the following parties as indicated below:

6

| | |
|---|---|
| **Jayson W. Sowers** (WSBA No. 27618)<br>**James E. Breitenbucher** (WSBA No. 27670)<br>RIDDELL WILLIAMS P.S.<br>1001 Fourth Avenue, Suite 4500<br>Seattle, WA 98154-1192<br><br>*Attorneys for Defendant Arkon Resources, Inc.* | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>**[X]  By Electronic CM/ECF**<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email<br>    jsowers@riddellwilliams.com<br>    jbreitenbucher@riddellwilliams.com |
| **Marc A. Karish** (admitted *pro hac vice*)<br>KARISH & BJORGUM, PC<br>119 E. Union Street, Suite B<br>Pasadena, CA 91103<br><br>*Attorneys for Defendant Arkon Resources, Inc.* | [ ]  By United States Mail<br>[ ]  By Legal Messenger<br>**[X]  By Electronic CM/ECF**<br>[ ]  By Overnight Express Mail<br>[ ]  By Facsimile<br>[ ]  By Email<br>    marc.karish@kb-ip.com |

7

8

9

10

11

12

13

14

15

16   Dated:  October 31, 2016              By:  *s/Sharie L. Parks*

17                                      For Jeffrey A. Ware, WSBA No. 43779<br>                                   FENWICK & WEST LLP

18

19

20

21

22

23

24

25

26

27

28

NPI'S OPPOSITION TO ARKON'S<br>MOTION FOR SUMMARY JUDGMENT    - 25 -<br>Case No. 2:15-cv-01553-RSL

FENWICK & WEST LLP<br>1191 SECOND AVENUE, 10TH FLOOR<br>SEATTLE, WASHINGTON  98101<br>TELEPHONE  206.389.4510<br>FACSIMILE  206.389.4511