1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

_____
                                                    )
9    NATIONAL PRODUCTS, INC.,            )
                                                    )        No. C15-1553RSL
10                          Plaintiff,              )
                                                    )        ORDER GRANTING IN PART
11           v.                                     )        DEFENDANT'S MOTION FOR
                                                    )        SUMMARY JUDGMENT
12   ARKON RESOURCES, INC.,             )
                                                    )
13                          Defendant.          )
_____ )

14

15          This matter comes before the Court on "Defendant Arkon Resources, Inc.'s Motion for

16   Summary Judgment of Invalidity and Non-Infringement." Dkt. # 47.[1] Plaintiff asserts federal

17   trade dress, unfair competition, and false designation of origin claims arising out of defendant's

18   marketing and sale of mounting devices that have a double-socket mount arm tapered in the

19   middle like an hourglass. The same conduct also gave rise to state law claims of trade dress

20   infringement, unfair business practices and competition, and unjust enrichment. Defendant seeks

21   summary judgment on all of plaintiff's claims and/or a finding that defendant is not liable for

22   pre-filing damages.

23

24          [1] A redacted version of the motion is available for public review at Dkt. # 64. To the extent the
     Court has relied on testimony or documents that were filed under seal when resolving the issues raised
25   in defendant's motion, the public's interests in the information and a more complete understanding of
     the ruling outweighs the parties' preference for confidentiality.
26

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1    Summary judgment is appropriate when, viewing the facts in the light most favorable to
2    the nonmoving party, there is no genuine dispute as to any material fact that would preclude the
3    entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears
4    the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp.
5    v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record"
6    that show the absence of a genuine dispute of material fact (Fed. R. Civ. P. 56(c)). Once the
7    moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party
8    fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp.,
9    477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving
10   party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of
11   Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury
12   genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the
13   "mere existence of a scintilla of evidence in support of the non-moving party's position will be
14   insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049
15   (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment
16   should be granted where the nonmoving party fails to offer evidence from which a reasonable
17   jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509,
18   514 (9th Cir. 2010).

19

20   Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[2] the
21   Court finds as follows:

22   _____

23   [2] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.
24   For purposes of this motion, the Court has not considered the declarations of Jeff Adams (Dkt. # 61-8) and Curt Gran (Dkt. # 61-9), Aaron Hersey's testimony regarding what a combat veteran told
25   him at a trade show (Dkt. # 62 at 5-6), or Professor Obermiller's opinions regarding secondary meaning and likelihood of confusion (Dkt. # 57-1).
26

**A. Validity of Trademark**

Defendant argues that plaintiff's registered trademark of "a three-dimensional configuration of a double-socket mount arm that is tapered in the middle like an hourglass" is invalid because it was procured through deception and/or the applicant failed to show that registration was appropriate. Neither argument is persuasive.

The charge of deception is based on plaintiff's reliance on a Consent Judgment when it applied for the trademark at issue in this case. The Consent Judgment, which was accurately summarized in and attached to the application, included a statement that plaintiff has a protectable trade dress in the hourglass-shaped profile of its double-socket RAM Mount products. Nat'l Prods., Inc. v. Gamber-Johnson LLC, C04-2524MJP (Dkt. # 179 at 4) (W.D. Wash. Oct. 2, 2006). Despite its hand waving regarding prior versions of the Consent Judgment which were rejected by the Honorable Marsha J. Pechman, United States District Judge, defendant offers no evidence to contradict the fact that Judge Pechman did, in fact, make the finding as plaintiff represented to the United States Patent and Trademark Office. No deception has been shown.

"Federal registration of a trademark endows it with a strong presumption of validity." KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 408 F.3d 596, 604 (9th Cir. 2005) (quoting Coca-Cola Co. v. Overland, Inc., 692 F.2d 1250, 1254 (9th Cir. 1982)). The burden of producing evidence to establish invalidity therefore shifts to defendant. Tie Tech, Inc. v. Kinedyne Corp., 296 F.3d 778, 783 (9th Cir. 2002). In the context of this motion for summary judgment, all inferences regarding validity must be drawn in favor of plaintiff, and defendant must "demonstrate through law, undisputed facts or a combination thereof that the mark is invalid . . . ." Id. Although defendant is certainly free to argue that the hourglass shape of plaintiff's mounts is generic, that the feature is functional or utilitarian, and that the shape has not acquired a secondary meaning, it has not, as a matter of law, overcome the contrary

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT        -3-

1   presumptions that the federal registration creates on these issues.

2   **B. Likelihood of Confusion**

3          Section 1114(1)(a) of the Lanham Act makes any person who, without the consent of the

4   trademark registrant, "use[s] in commerce any reproduction . . . of a registered mark in

5   connection with the sale, offering for sale, distribution, or advertising of any goods or services

6   on or in connection with which such use is likely to cause confusion, or to cause mistake, or to

7   deceive" liable for damages to the registrant. Defendant argues that, even if plaintiff's trademark

8   is valid, there is no evidence of actual confusion in the marketplace or survey evidence showing

9   that confusion is likely. "The test for likelihood of confusion is whether a 'reasonably prudent

10  consumer' in the marketplace is likely to be confused as to the origin of the good or service

11  bearing one of the marks." Dreamwerks Prod. Group, Inc. v. SKG Studio, 142 F.3d 1127, 1129

12  (9th Cir. 1998) (quotation marks in original). The Ninth Circuit has identified eight factors to

13  guide the analysis: (1) strength of the mark, (2) relatedness of the goods, (3) similarity of the

14  marks, (4) evidence of actual confusion, (5) marketing channels used, (6) degree of consumer

15  care in purchasing decision, (7) defendant's intent in selecting the mark, and (8) likelihood of

16  expansion of the product lines. Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 631

17  (9th Cir. 2005) (citing to AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979)).

18  Actual confusion is merely one of the factors to be considered, and the factors are not to be

19  mechanically applied or rigidly tallied up. Where at least some of the factors support the non-

20  moving party and a reasonable jury could give great weight to those factors, summary judgment

21  is not appropriate. Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1210 (9th Cir.

22  2012).

23          In this case, the proximity and relatedness of the goods, the similarity of defendant's

24  original design, and the identity of marketing channels all support plaintiff's claim that there is a

25  likelihood of confusion in the marketplace. Defendant's intent to produce a replica of plaintiff's

26

1  product (even if it did not care one way or the other regarding the incorporation of the hourglass

2  design element) also supports such a finding. A reasonable jury could conclude that defendant's

3  marketing and sale of mounts with a tapered middle was "likely to cause confusion, or to cause

4  mistake, or to deceive" customers.

5  **C. Preemption**

6         Defendant argues that plaintiff's state law claims are preempted by the Patent Act, 35

7  U.S.C. § 101 *et seq.* "[S]tate law is preempted when it enters 'a field of regulation which the

8  patent laws have reserved to Congress.'" <u>Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.,</u>

9  <u>Inc.</u>, 7 F.3d 1434, 1439 (9th Cir. 1993) (quoting <u>Bonito Boats, Inc. v. Thunder Craft Boats, Inc.</u>,

10  489 U.S. 141, 167 (1989)). Plaintiff is not seeking to prevent the exploitation of the utilitarian

11  aspects of the mounting devices, however, and has not alleged an infringement of the expired

12  patents. Rather, plaintiff's claim is that defendant has exploited the nonfunctional design

13  elements of the mounts, causing – or likely to cause – confusion as to the source of the products.

14  State law claims based on trademark or distinctive dress, such as those plaintiff has asserted

15  here, are not preempted by the Patent Act. <u>Bonito Boats</u>, 489 U.S. at 158.

16  **D. Pre-Filing Damages**

17         Pursuant to 15 U.S.C. § 1111, if a registrant of a mark fails to give notice of the

18  registration by displaying with the mark a ® or a variant of the words "Registered in U.S. Patent

19  and Trademark Office," "no profits and no damages shall be recovered . . . unless the defendant

20  had actual notice of the registration." Defendant seeks summary judgment regarding plaintiff's

21  claim for damages prior to the initiation of this lawsuit on the ground that it was unaware that

22  plaintiff had a registered mark until it was served with the complaint in this matter.

23         Plaintiff's application for a trademark was granted in December 2012. Dkt. # 58-2.

24  Neither the products themselves nor their packaging bear any indication that the mark is

25

26

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT      -5-

registered. Dkt. # 62 at 8. Defendant, aware that plaintiff's patents on the mounting devices were set to expire in December 2013, contacted a manufacturer in China to see if they could work together to research the patent issues and develop a competing product by the end of 2013. Dkt. # 62-4. The partnership was successful, and defendant's version of the mounting device was released as soon as plaintiff's patents expired. There is no indication in the record that defendant was aware of plaintiff's registered trademark when it began advertising and selling its RAM-style mounting devices. Nor is there any indication that defendant became aware that plaintiff had registered its mark prior to being served in this action. Plaintiff's Rule 30(b)(6) witness could not identify any brochure, product catalogue, or other marketing media that contained a notice of registration related to the hourglass shape of the mounting devices prior to November 2014. Dkt. # 62 at 8.[3] The exemplar marketing materials and website screen shots cited by plaintiff do not support an earlier date. With regards to actual notice, defendant's president stated at deposition that he was unaware that plaintiff had registered the mark at issue until he received a copy of the complaint in this matter. Dkt. # 48-1 at 11-12. There is no admissible evidence that contradicts this testimony or raises an inference that defendant had actual knowledge of

---

[3] At various points in its memoranda, plaintiff asserts that earlier marketing materials not only claimed that the hourglass shape was distinctive, but also "indicated that the shape is a trademark of NPI." Dkt. # 53 at 4. With the exception of statements by Mr. Hersey at his deposition, none of the cited exhibits supports this assertion. For his part, Mr. Hersey stated that plaintiff's marketing materials "call[ed] out the hourglass shape as a trademark or registered trademark of National Products" prior to 2000 (or maybe in 2007). Dkt. # 62 at 4 and 7. No brochures or catalogues support that assertion, the tapered design was not registered until 2012, and, when asked more detailed questions, Mr. Hersey was forced to acknowledge that he did not know whether the registration was called out at any time before November 2014.

Plaintiff also makes much out of the fact that defendant's president admitted purchasing one or more of its products and that the products would have been delivered with a copy of plaintiff's brochure. Plaintiff fails to mention, however, that the acknowledged purchases occurred in or before 2013 and after this suit was filed. Dkt. # 62-2 at 21-23. Because there is no indication that plaintiff's marketing materials contained a notice of registration before 2013, these purchases do not help plaintiff.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -6-

1   plaintiff's registered mark prior to October 2, 2015. Plaintiff has failed to raise a genuine issue of

2   material fact regarding when defendant first received actual notice of plaintiff's registration. <u>See</u>

3   <u>Coach, Inc. v. Asia Pac. Trading Co., Inc.</u>, 676 F. Supp.2d 914, 924 (C.D. Cal. 2009).

4

5          For all of the foregoing reasons, defendant's motion for summary judgment is

6   GRANTED in part and DENIED in part. Plaintiff's claim for profits and damages prior to

7   service of the complaint is DISMISSED. The remainder of the issues are reserved for trial.

8

9          Dated this 13th day of December, 2016.

10

11                                      _MWS Casnik_____

12                                      Robert S. Lasnik
                                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT          -7-