UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
NATIONAL PRODUCTS, INC.,            )
                                                    )    No. C15-1553RSL
                Plaintiff,           )
                                                    )    ORDER DENYING MOTION FOR
     v.                                         )    RECONSIDERATION
                                                    )
ARKON RESOURCES, INC.,              )
                                                    )
                Defendant.        )
_____ )

This matter comes before the Court on "National Products Inc.'s Motion for Reconsideration." Dkt. # 76. The Court dismissed National Products' claim for damages prior to the initiation of this lawsuit on the grounds that (a) it had failed to display with the mark an ® or a variant of the words "Registered in U.S. Patent and Trademark Office" and (b) there is no admissible evidence that defendant Arkon Resources, Inc., was aware that plaintiff had a registered mark before it was served with the complaint in this matter. National Products points to marketing materials in the record from the spring of 2015 showing stylized drawings of its product with an ® next to the drawings (Dkt. # 58-5 at 4; Dkt. # 63-1 at 5) or next to the accompanying words "Hourglass Shape" (Dkt. # 63-1 at 2 and 5)[1] and concludes that the Court must have overlooked this evidence. To the contrary, the Court specifically noted that there was

---

[1] The phrase variously appears in the March 2015 website screen shots as "Hourglass Shape," "**Hourglass Shape**," and "hourglass shape."

ORDER DENYING MOTION FOR
RECONSIDERATION

evidence in the record suggesting that plaintiff had identified the hourglass shape as a registered trademark in marketing materials as early as November 2014. Dkt. # 74 at 6. Nevertheless, the Court found that the evidence is legally insufficient to forestall judgment in defendant's favor.

Section 29 of the Lanham Act, 15 U.S.C. § 1111, provides:

> [A] registrant of a mark registered in the Patent and Trademark Office[] may give notice that his mark is registered by displaying with the mark the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or the letter R enclosed with a circle, thus ®; and in any suit for infringement under this chapter by such a registrant failing to give notice of registration, no profits and no damages shall be recovered under the provisions of this chapter unless the defendant had actual notice of the registration.

Although there is surprisingly little case law regarding permissible forms of notice under the Lanham Act, the trademark notice provision is similar to that found in patent law. 3 McCarthy on Trademarks and Unfair Competition § 19:144 (4th ed.). "The marking statute serves three related purposes: 1) helping to avoid innocent infringement; 2) encouraging patentees to give notice to the public that the article is patented; and 3) aiding the public to identify whether an article is patented." Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437, 1443 (Fed. Cir. 1998). Given these purposes, National Products' argument that it gave adequate notice by belatedly including an ® in a subset of its marketing materials and on a subset of the product representations within those materials is unpersuasive. Arkon began selling its version of the mounting device as soon as National Products' patent expired in December 2013. Despite having registered its trademark in December 2012, National Products provided no notice of the registration until long after Arkon entered the market. Even then, National Products opted not to mark its products, its packaging materials, or many of the representations of its product in its marketing materials. The May 2015 catalogue on which National Products relies for its notice argument, for example, contains three pictures or drawings of the double socket arm with the hourglass design, only one of which is marked with an ®. Dkt. # 58-5.

ORDER DENYING MOTION FOR
RECONSIDERATION                -2-

The purposes of the notice requirement were thwarted in this case. Arkon made an effort to investigate potential patent issues before copying National Products' design. Had plaintiff properly marked its mark following registration, Arkon would have been on notice that a trademark issue also had to be resolved. Where a registrant fails to mark its products immediately following registration, damages are recoverable only from the time of full compliance with the marking statute so as to ensure that the public has notice before being subjected to a damage award. Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1535-37 (Fed. Cir. 1993). See Nike, 138 F.3d at 1445 (noting "historical expressions of congressional concern" that innocent infringers not be held liable). "Full compliance" with the marking provision is not achieved until the registrant "consistently marked substantially all of its [trademarked] products, and [is] no longer distributing unmarked products." Am. Med. Sys., 6 F.3d at 1538. Falling short of that mark continues "to mislead the public into thinking that the product was freely available" and precludes recovery of damages from innocent infringers.

The record in this case, considered as a whole and in the light most favorable to National Products, cannot support a finding in plaintiff's favor regarding full compliance with the marking statute. When National Products finally got around to publicly announcing that it had registered its mark – in November 2014 at the earliest -- it did so in an inconsistent and wholly insufficient manner. Certain images of the product in certain marketing materials were marked with an ®, but the products themselves, their packaging, and a significant percentage of the marketing images bore no indication that the mark was registered. National Products has the burden of proving compliance by a preponderance of the evidence. Nike, 138 F.3d at 1446. It has not raised a genuine issue of material fact regarding either the consistency or substantiality of its markings or Arkon's actual knowledge of the registration prior to the initiation of this lawsuit.

ORDER DENYING MOTION FOR
RECONSIDERATION                                -3-

1    For all of the foregoing reasons, National Products' motion for reconsideration (Dkt.
2  # 76) is DENIED. Plaintiff's claim for profits and damages prior to service of the complaint was
3  properly DISMISSED.

   Dated this 7th day of February, 2017.

   *Robert S. Lasnik*
   Robert S. Lasnik
   United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION                                    -4-