UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                            )
NATIONAL PRODUCTS, INC.,                    )
                                            )   No. C15-1553RSL
            Plaintiff,                      )
    v.                                      )   ORDER DENYING PLAINTIFF'S
                                            )   MOTION FOR LEAVE TO AMEND
ARKON RESOURCES, INC.,                      )
                                            )
            Defendant.                      )
_____ )

This matter comes before the Court on "National Products Inc.'s Motion for Leave to Amend Complaint." Dkt. # 75. Having reviewed the memoranda, declarations, and exhibits submitted by the parties as well as the remainder of the record, the Court finds as follows:

The deadline for amending pleadings in this matter was July 13, 2016. Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent."[1] The case management orders in this case likewise state "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 16 at 2; Dkt. # 72 at 2; Dkt. # 73 at 1-2. In determining whether a litigant has shown good

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay.

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND

cause, the Court:

> primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

Two and a half weeks before the deadline for amending pleadings, defendant Arkon unequivocally rejected plaintiff's contention that the redesigned products were accused in this matter. Dkt. # 30-1 at 9-10.[2] National Products did nothing. When National Products propounded discovery requests seeking information specifically about the redesigned products in August 2016, Arkon objected, and the Court agreed that the redesigned products – which do not contain "double-socket mount arms tapered in the middle like an hourglass" – fall outside the scope of this litigation. National Products now seeks to amend the complaint to add claims against the redesigned products.

Plaintiff has not been diligent. At the very least, National Products should have moved to amend the complaint when it was told on June 24, 2016, that there was a dispute regarding the scope of its claims. The only explanation for its failure is that National Products was apparently confident that the list of product numbers in the complaint would cover all future iterations of products offered under that number, even if the redesigned products did not contain a specified feature of the trade dress. Plaintiff ignored Arkon's position – and the case management deadlines – at its peril. Nor does the record support National Products' contention that it held a

---

[2] National Products makes much of the fact that Arkon was willing to provide information regarding the redesigned products up until that time. Arkon's openness is not surprising given the circumstances. Arkon redesigned its products in an attempt to resolve this dispute and to avoid any possibility of continuing infringement. Providing information regarding the details of the design process, when the original design went out of production, and total sales data while the original design was being phased out was important to settlement efforts and/or is relevant to plaintiff's claims against the original design.

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND                   -2-

good faith, reasonable belief that its complaint encompassed the redesigned products. The complaint was written before the redesigned products existed, it specifically describes plaintiff's trade dress as an hourglass shape, and it identifies the infringing products as those that are "tapered in the middle like an hourglass." Arkon redesigned its products so that they no longer tapered in the middle in an effort to avoid any potential trademark issue, telling National Products of its purpose and providing diagrams and product samples for review. If National Products thought Arkon's efforts had missed the mark and it intended to pursue infringement claims against the redesigned products, it inexplicably remained silent for more than six months. The point at which National Products decided to pursue infringement claims against the redesigned products is unclear, but its belief that it could do so without amending its complaint was not well-founded. Having failed to make an effort to amend the pleadings in a timely manner even after this dispute came into the open, National Products cannot satisfy the Rule 16 good cause standard.

Where diligence has not been shown, the inquiry should end and the motion should be denied. In re W. States Wholesale Nat Gas Antitrust Litig., 715 F.3d at 737 (quoting Johnson, 975 F.2d at 609). That conclusion does not change if the Court considers the prejudice that modification of the scheduling order would cause Arkon at this point. Discovery is now closed. National Products belatedly issued a supplemental expert report that includes opinions regarding the new design. Dkt. # 55-2. Through this motion, National Products seeks to expand the scope of this litigation and go to trial based solely on its own evidence, without allowing Arkon the opportunity to test plaintiff's theories regarding consumer confusion or to conduct discovery. Arkon's ability to defend the new claims would be compromised. Also troubling is the fact that expanding the nature of plaintiff's claims would necessarily put before the jury a remedial measure covered by Fed. R. Civ. P. 407. While it is possible that the redesign will be admissible at trial to prove secondary meaning, it is not clear whether secondary meaning is in dispute in this litigation. The amendment proposed by National Products would force the admission of

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND           -3-

prejudicial remedial measure evidence even if secondary meaning were not disputed.[3]

For all of the foregoing reasons, plaintiff's motion for leave to extend the case management deadline and amend the complaint (Dkt. # 75) is DENIED.

Dated this 23rd day of March, 2017.

<i>/s/ Robert S. Lasnik</i>
Robert S. Lasnik
United States District Judge

---

[3] In the alternative, the Court finds that justice does not require leave to amend under Rule 15. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND            -4-