HONORABLE JAMES P. DONOHUE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATIONAL PRODUCTS INC.,

Plaintiff,

v.

ARKON RESOURCES, INC.,

Defendant.

Case No. C15-01553-JPD

**AMENDED JOINT PRETRIAL ORDER**

**JURY TRIAL DEMANDED**

Pursuant to Local Civil Rule 16(h), Plaintiff National Products Inc. ("NPI") and Defendant Arkon Resources, Inc. ("Arkon") respectfully submit the following pretrial order.

A. **FEDERAL JURISDICTION**

This Court has original subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114, 1121, and 1125, and 28 U.S.C §§ 1331 and 1338(a) and (b). This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because these are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

B. **CLAIMS AND AFFIRMATIVE DEFENSES**[1]

NPI states that it intends to pursue at trial the following claims:

1. Federal Trademark Infringement under 15 U.S.C. § 1114, including willful trademark infringement, entitling NPI to actual damages and defendant's profits, all of which should be trebled, as well as attorneys' fees and costs.[2]

2. Unfair business practices in violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, entitling NPI to its actual damages, which should be enhanced by an amount up to $25,000, as well as attorneys' fees and costs.[3]

---

[1] Following summary judgment briefing and preceding trial, Plaintiff has agreed to drop claims for common law trademark infringement and under Section 43(a) of the Lanham Act. Arkon agrees that the trial need not include those claims, but does not waive any argument that the only procedure for disposing of those claims is under FRCP 41, which requires that claims cannot be dismissed after an answer or summary judgment motion is filed unless the parties so stipulate or the Plaintiff brings a motion to dismiss. If the Plaintiff does not bring a motion to dismiss before the entry of judgment, Arkon will request that judgment be entered on those claims. This is to protect Arkon from repeated suits on those claims.

[2] To reduce and simplify issues to be determined by the jury, NPI does not intend to pursue at trial its claims of Federal Unfair Competition and False Designation of Origin under 15 U.S.C. § 1125(a) and trademark infringement, unfair competition, and unjust enrichment in violation of Washington common law.

Arkon states that it intends to pursue the following affirmative defenses at trial:

1. Defendant has not infringed any applicable trademarks or trade dress under federal or state law.

2. Plaintiff's U.S. Trademark Reg. No. 4,254,086 is invalid as functional.

3. Plaintiff's U.S. Trademark Reg. No. 4,254,086 is invalid as lacking secondary meaning.

---

[3] NPI agrees with the Court's statement at the Pretrial Conference that as a matter of law, a finding by the jury of trademark infringement under 15 U.S.C. § 1114 by Arkon would compel a finding of unfair business practices in violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq. See also Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735 (Wash. 1987) (trademark infringement satisfies all five of the *Hangman Ridge* requirements to establish unfair business practice violations under the CPA) ("A necessary component of trade name infringement is that the plaintiff must establish that the name used is likely to confuse the public. ***This confusion of the public, absent some unusual or unforeseen circumstances, will be sufficient to meet the public interest requirement of the Consumer Protection Act***." (citations omitted) (emphasis added)); *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510 (9th Cir. 2011) ("Confusion of the public typically satisfies the 'public interest' element of the WCPA."). This is not a case of "unusual or unforeseen circumstances" that compels a result different from *Nordstrom* and *Lahoti*. Accordingly, and in an effort to reduce and simplify issues to be determined by the jury, NPI will agree not to try its CPA claim before the jury if the Court holds that it will enter judgment in favor of NPI on this issue upon a finding by the jury that Arkon is liable for trademark infringement under 15 U.S.C. § 1114. Arkon's Response: NPI should not be relying on a "see also" cite at this point. In point of fact, the *Nordstrom* case expressly rejects the rule proposed, *i.e.,* "This is true of the typical trade name infringement case. A necessary component of trade name infringement is that the plaintiff must establish that the name used is likely to confuse the public. ... This confusion of the public, absent some unusual or unforeseen circumstances, will be sufficient to meet the public interest requirement of the Consumer Protection Act. **We emphasize that this is not a per se rule, but rather a function of what we perceive as the overlapping nature of proof in both trade name infringement cases and Consumer Protection Act violations.** Nordstrom, 107 Wash.2d at 742–43, 733 P.2d 208. As an en banc panel of the Washington Supreme Court later stated: "We therefore hold that the *inadvertent* infringement of a *weak* mark is not sufficient to qualify as a public interest for the purpose of awarding attorney fees under the Consumer Protection Act." <u>Seattle Endeavors, Inc. v. Mastro</u>, 123 Wash. 2d 339, 350–51, 868 P.2d 120, 127 (1994). This is a weak mark because it is trade dress and because it was filed under section 2(f). TMEP, Section 1212 ("For procedural purposes, a claim of distinctiveness under §2(f), whether made in the application as filed or in a subsequent amendment, may be construed as conceding that the matter to which it pertains is not inherently distinctive and, thus, not registrable on the Principal Register absent proof of acquired distinctiveness".)

4. Plaintiff's U.S. Trademark Reg. No. 4,254,086 is invalid as generic.[4]

C. **RELEVANT FACTS UPON WHICH THERE IS NO DISPUTE**

The following facts are admitted by the parties:

1. In 1992, NPI's Founder, President, and CEO, Jeffrey Carnevali, devised a mounting system with two rubber balls connected with interchangeable arms in a ball-and-socket mechanism, which he called "RAM Mounts."

2. NPI has displayed, sold and promoted its RAM Mounts at hundreds of trade shows across the United States including the Consumer Electronics Show held annually in Las Vegas, Nevada.

3. On May 23, 2012, NPI filed a trademark application (serial no. 85-632,977).

4. On December 4, 2012, the PTO granted NPI U.S. Trademark Registration No. 4,254,086.

5. NPI first became aware of the accused products at the Consumer Electronics Show in January 2014, when Arkon displayed exemplars of these products, which Arkon called "Robust Mounts," at its booth.

6. Arkon was incorporated in 1988.

7. Arkon sells a variety of mounting products, some of which are not accused.

8. NPI filed its complaint in this action on September 30, 2015.

D. **ISSUES OF LAW**

Plaintiff NPI contends the following issues of law are to be determined by the court:

---

[4] Arkon does not intend to to try the issue of unclean hands based on Plaintiff's misuse of statutory notice unless Plaintiff is allowed to bring in evidence that shows misuse of statutory notice.

1. Whether, if NPI prevails, NPI is entitled to recover actual damages and/or defendant's profits under the Lanham Act, 15 U.S.C. § 1117(a).

2. Whether, if NPI prevails, this is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a), for which NPI is entitled to recover its attorneys' fees.

3. Whether, if NPI prevails, it is entitled to recover treble damages under the Lanham Act, 15 U.S.C. § 1117(a).

4. Whether, if NPI prevails, under 15 U.S.C. § 1118, the Court should order Arkon to deliver up for destruction all products, labels, signs, prints, advertisements, and other articles in Defendant's possession that infringe upon NPI's registered trademark.

5. Whether, if NPI prevails, it is entitled to recover treble damages under the CPA, RCW 19.86.090.

6. Whether, if NPI prevails, it is entitled to recover its attorneys' fees under the CPA, RCW 19.86.090.

7. Whether, if NPI prevails, it is entitled to recover the costs of this action under the CPA, RCW 19.86.090.

Defendant Arkon contends the following are issues of law to be determined by the Court:

1. Whether, if Arkon prevails, this is an exceptional case under the Lanham Act, 15 U.S.C. § 1117(a), for which Arkon is entitled to recover its attorneys' fees.

2. Whether the Court shall order the cancellation of U.S. Trademark Registration No. 4,254,086 under 15 U.S.C. §1119.[5]

---

[5] NPI disputes the inclusion of this issue of law. The Court already granted NPI's Motion to Dismiss Arkon's Counterclaim for Cancellation of Federal Trademark Registration. Dkt. No. 69.

## E. EXPERT WITNESSES

The names and address of the expert witnesses to be called by each party at the trial and the issue upon which each will testify is:

Experts Plaintiff NPI will call at trial:

1. James Babcock, 13923 Sunnybrook Road, Phoenix, MD 21131. Mr. Babcock will testify regarding facts and opinions disclosed in his expert disclosure.[6]

2. Drew Voth, 1201 Third Avenue, Suite 800, Seattle, WA 98101. Mr. Voth will testify regarding facts and opinions disclosed in his expert disclosure.[7]

## F. OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

Fact Witnesses Plaintiff NPI will or may call at trial:

1. Jeffrey Carnevali, President/CEO, National Products Inc., 8410 Dallas Ave. S., Seattle, WA 98108. Mr. Carnevali will testify regarding the history and reputation of NPI; NPI's design, selection, and adoption of NPI's trade dress registered under U.S. Trademark Reg. No. 4,254,086 consisting of a three-dimensional configuration of a double-socket mount arm that is tapered in the middle like an hourglass; NPI's use of the registered Hourglass Shape trademark; NPI's rights in the registered Hourglass Shape trademark; NPI's application for federal registration of the registered Hourglass Shape trademark; NPI's products offered that use the registered Hourglass Shape trademark; NPI's sales, advertising, and marketing efforts that

---

[6] Arkon disputes the inclusion of James Babcock as an expert witness for the reasons provided in Arkon's Motion *In Limine*.

[7] Arkon disputes the inclusion of Drew Voth as to the "facts and opinions disclosed in his expert disclosure." As explained in Arkon's Motion *in Limine*, the Court should exclude Mr. Voth's testimony as to anything other than Arkon's profits from the accused activity.

support the registered Hourglass Shape trademark; actual damages caused by defendant's infringing activity; and confusion as to the source of products or services bearing the registered Hourglass Shape trademark.

2. Aaron Hersey, Director of Sales and Marketing, National Products Inc., 8410 Dallas Ave. S., Seattle, WA 98108. Mr. Hersey will testify regarding the history and reputation of NPI; NPI's use of the registered Hourglass Shape trademark; NPI's products offered that use the registered Hourglass Shape trademark; NPI's sales, advertising, and marketing efforts that support the registered Hourglass Shape trademark, including NPI's website; competition with Arkon and third parties; past and present market conditions for products using the registered Hourglass Shape trademark; lost sales and other actual damages; availability and acceptability of non-infringing alternatives; and NPI's manufacturing and distribution capacity.

3. Timothy Petersen, Director of Vehicle Integration, PeopleNet, 4400 Baker Road, Minnetonka, MN 55343. Mr. Petersen may testify regarding the awareness of NPI's Hourglass Shape trademark, distinctiveness and non-functionality of NPI's Hourglass Shape trademark, performance quality and other characteristics of NPI's products bearing the Hourglass Shape trademark, confusion created by Arkon's products bearing NPI's registered Hourglass Shape trademark, and performance quality and other characteristics of Arkon's accused products.

4. Joshua Knichel, New Products Manager, Dee Zee, Inc., 1572 NE 58th Ave. Des Moines, IA 50313. Mr. Knichel may testify regarding the awareness of NPI's Hourglass Shape trademark, distinctiveness and non-functionality of NPI's Hourglass Shape trademark, performance quality and other characteristics of NPI's products bearing the Hourglass Shape trademark, confusion created by Arkon's products bearing NPI's registered Hourglass Shape trademark, and performance quality and other characteristics of Arkon's accused products.

5. Paul Brassard, President, Arkon Resources, Inc., 20 La Porte St., Arcadia, CA 91006. NPI may introduce the 30(b)(6) deposition testimony of Mr. Brassard regarding the development, pricing, and decision to introduce Arkon's accused products; Arkon's knowledge of NPI and NPI's RAM Mount products; and Arkon's protection of its intellectual property, including trademarks.

6. Aaron Roth, Marketing Manager, Arkon Resources, Inc., 20 La Parte St., Arcadia, CA 91006. NPI may introduce the 30(b)(6) deposition testimony of Mr. Roth regarding sales and marketing, and pricing of Arkon's accused products; Arkon's knowledge of NPI and NPI's RAM Mount products; and Arkon's protection of its own intellectual property, including trademarks.

7. Steve Hull, Chief Operating Officer, Arkon Resources, Inc., 20 La Porte St., Arcadia, CA 91006. Arkon may introduce the 30(b)(6) deposition testimony of Mr. Hull regarding sales, supply, and financial accounting for Arkon's accused products; information regarding Defendant's management and corporate structure.

<u>Fact witnesses Defendant Arkon will or may call at trial:</u>

1. Paul Brassard, President, Arkon Resources, Inc., 20 La Porte St., Arcadia, CA 91006. Mr. Brassard will testify regarding the history and reputation of Arkon, development of Defendant's accused products, and lack of confusion.[8]

2. Aaron Roth, Marketing Manager, Arkon Resources, Inc., 20 La Parte St., Arcadia, CA 91006. Mr. Roth will testify regarding sales and marketing of Defendant's accused products.

---

[8] NPI disputes the inclusion of Paul Brassard to the extent the topics of testimony go beyond the topics listed for that individual in Arkon's Rule 26(a)(1) disclosures.

3. Steve Hull, Chief Operating Officer, Arkon Resources, Inc., 20 La Porte St., Arcadia, CA 91006 may testify regarding sales and supply of Defendant's accused products and Defendant's organization information.

4. Bruce Black, Ph.D., Lowe Graham Jones, 701 Fifth Avenue, Suite 4800, Seattle, WA 98104 may testify about claims filed in U.S. Patent Application Nos. 10/300,951 and 09/733,691.[9]

5. Jeffrey Carnevali, President/CEO, National Products Inc., 8410 Dallas Ave. S., Seattle, WA 98108. Mr. Carnevali will testify regarding the functionality of the alleged trade dress, patent prosecution of U.S. Patent Nos. 5,845,885 and related patents and applications, the consent judgment with Gamber-Johnson, when NPI became aware of Arkon's accused products and actions taken by NPI thereafter, U.S. Trademark Registration No. 4,254,086 and prosecution thereof, any confusion.

6. Aaron Hersey, Director of Sales and Marketing, National Products Inc., 8410 Dallas Ave. S., Seattle, WA 98108. Mr. Hersey will testify regarding NPI's advertising, customers, marketing channels, website, products and packaging, any confusion.

7. Joe Todzrak, Managing Partner, Innovative Intelligent Products, 2905 Jahn Ave. NW Ste. 7B, Gig Harbor, WA 98335 may testify regarding purchases of Arkon products, purchases of NPI products and awareness of NPIs trademarks.

**G. EXHIBITS**

The parties have attached as Exhibit A (Amended) their stipulations and objections to the authenticity and/or admissibility of the exhibits on the parties' exhibit list. Subject to the Court's

---

[9] NPI disputes the inclusion of Bruce Black on Defendant Arkon's trial witness list for the reasons stated in NPI's Motion *in Limine* No. 5 and additionally under Fed. R. Evid. 402 and 403.

approval, the parties intend to present exhibits in electronic form to the jurors, and therefore request the Court's approval to do so pursuant to Local Civil Rule 43(h)(4).

**H.     ACTION BY THE COURT**

(a) This case is currently scheduled for trial before a jury on December 4, 2017.

(b) Trial briefs were submitted to the Court on or before November 9, 2017.

(c) Jury instructions requested by either party were submitted to the Court on November 9, 2017 and November 28, 2017. Additional proposed preliminary jury instructions are scheduled to be submitted to the Court on December 1, 2017. Suggested questions of either party to be asked of the jury by the Court on voir dire were submitted to the Court on November 9, 2017.

This Order has been approved by the parties as evidenced by the signatures of their counsel. This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated: December 1, 2017

Respectfully submitted,

FENWICK & WEST LLP

By: *s/David K. Tellekson*
David K. Tellekson, WSBA No. 33523
Jeffrey A. Ware, WSBA No. 43779
Ewa M. Davison, WSBA No. 39524
Guinevere L. Jobson (admitted *pro hac vice*)
Jessica M. Kaempf, WSBA No. 51666
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511
Email: dtellekson@fenwick.com
jware@fenwick.com
edavison@fenwick.com
gjobson@fenwick.com
jkaempf@fenwick.com

*Attorneys for Plaintiff*
*National Products Inc.*

KARISH & BJORGUM PC

Dated: December 1, 2017

By: *s/Marc A. Karish*
Marc A, Karish (admitted *pro hac vice*)
A. Eric Bjorgum (admitted *pro hac vice*)
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone: 213.785.8070
Facsimile: 213.995.5010
Email: marc.karish@kb-ip.com
eric.bjorgum@kb-ip.com

FOX ROTHSCHILD LLP

By: *s/James E. Breitenbucher*
James E. Breitenbucher, WSBA No. 27670
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Telephone: 206.624.3600
Facsimile: 206.389.1708
Email: jbreitenbucher@foxrothschild.com

*Attorneys for Defendant*
*Arkon Resources, Inc.*

AMENDED JOINT PRETRIAL ORDER 11
Case No. 2:15-cv-01553-RSL

## ACTION BY THE COURT

(a) This case is scheduled for trial before a jury on December 4, 2017.

(b) Trial briefs were submitted to the Court on November 9, 2017.

(c) Jury instructions requested by either party were submitted to the Court on November 9, 2017 and November 28, 2017. Additional proposed preliminary jury instructions are scheduled to be submitted to the Court on December 1, 2017. Suggested questions of either party to be asked of the jury by the Court on voir dire were submitted to the Court on November 9, 2017.

This Order shall control the subsequent course of the action unless modified by a subsequent order. This Order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this 1st day of December, 2017.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge